EMERY MAY HOLDEN NORWEB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92575.   Promulgated January 25, 1940.

*Herman L. Vail, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

**OPINION.**

VAN FOSSAN: The sole issue for our consideration is whether petitioner's transfers to a trust, irrevocable without his concurrence during the life of her husband, who was to receive the income for life, are subject to gift tax on their full value or only on the value of her husband's life interest therein. Petitioner concedes that the trust was irrevocable except with her husband's concurrence during his life, but contends she retained certain rights which are sufficient to

defeat a gift tax on the full value of transfers to the trust. Respondent contends that petitioner has only a contingent right of reverter in the trust estate and that gifts to the trust are subject to the gift tax at their full value.

The applicable sections of the law imposing gift tax are section 501 of the Revenue Act of 1932 [1] and section 511 of the Revenue Act of 1934. [2]

The trust, as originally constituted, was fully revocable and clearly no gift tax could have been imposed upon transfers to the trust estate. *Burnet* v. *Guggenheim*, 288 U. S. 280. The solution of the present issue, however, turns upon the effect of the modification instrument of July 31, 1924. Petitioner maintains that by the modification she merely relinquished the right to revoke, revest in herself, or modify the trust so as to defeat her husband's life estate, contending that other powers of dominion and control were retained. Respondent asserts that the modification transforms the original revocable trust into an irrevocable trust.

Upon examination of the modifying instrument of July 31, 1924, certain conclusions seem clear. The instrument indicated that it sprang solely from petitioner's desire that her husband "be assured of the income derived from the trust estate during his life" and she undertook to alter its provisions with this sole end in view. When this prefatory statement of purpose is coupled with the later qualifying and, in our judgment, controlling clauses "during the life of my husband" and "to modify any terms thereof so as to defeat his life estate" all doubt as to the proper interpretation of the instrument is removed. Petitioner released her right to revoke, revest, or modify only to the extent necessary to protect the life estate of her husband. On his death all such rights would be revived and revested in her. The renunciation was not all-embracing and the grantor retained valuable rights as to the disposition of the property.

---

[1] SEC. 501. IMPOSITION OF TAX.

(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States. The tax shall not apply to a transfer made on or before the date of the enactment of this Act.

(c) The tax shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift.

[2] SEC. 511. GIFTS OF PROPERTY SUBJECT TO POWER.

Subsection (c) of section 501 of the Revenue Act of 1932 (relating to the inapplicability of gift tax in the case of the transfer of property in trust subject to the power of the donor to revest title in himself) is repealed.

Respondent cites the cases of *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48; and *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39, in support of his position. Those cases decide that mere possibility of reverter in the donor will not make a gift incomplete. In each case the grantor had no right in, or power over, the trust other than the possibility of reverter. This situation is not parallel to that presented by the instant case.

Although there is here a possibility of reverter conditioned on the death of petitioner's husband, petitioner, in addition, retained rights in the disposition of the remainder interests of the trust. In our opinion, so long as she does nothing to defeat the life interest of her husband, petitioner is free to modify the trust in any way. Petitioner still retains the right to vary the remainder interests so long as the estate of her husband is not harmed. In fact, petitioner exercised this right and modified the trust again in 1935 by the insertion of a clause relating to a *per stirpes* distribution to her children and their issue.

A gift to an irrevocable trust is not a completed gift subject to gift tax where the grantor reserves the power to change the beneficiaries. *Estate of Sanford* v. *Commissioner*, 308 U. S. 39; *Rasquin* v. *Humphreys*, 308 U. S. 54. See *Orrin G. Wood*, 40 B. T. A. 905.

In *Burnet* v. *Guggenheim, supra*, the Supreme Court said that the gift tax "is aimed at transfers that have the quality of a gift, and a gift is not consummate until placed beyond recall." Here only the life estate of petitioner's husband had been placed beyond recall.

Accordingly, we hold that the transfers to the trust in the years 1932 to 1934 were subject to gift tax only on the value of the life estate of petitioner's husband and that there are no deficiencies due.

*Decision will be entered for the petitioner.*