OLIVE H. PROUTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96164. Promulgated February. 6, 1940.

*Allison L. H. Newton, Esq.*, for the petitioner.
*J. T. Haslam, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $148,-437.32 in gift tax for the year 1935. The only question presented for decision is whether the petitioner made transfers subject to the imposition of the gift tax in this year by reason of amendments to each of three trusts which she made on January 2, 1935. The Board hereby adopts as its findings of fact the facts as stipulated by the parties.

The petitioner created three trusts on October 13, 1923, and named herself trustee of each. She was married at that time to Louis I. Prouty and they had two children, Jane and Richard. All four of the parties were still living at the date of the hearing in this case. The petitioner amended the trusts in various ways up to and including January 1, 1931. No further amendments of any kind were made between January 1, 1931, and January 2, 1935.

Trust No. 1 as it existed immediately after the amendment of January 1, 1931, provided generally as follows: $2,500 of the annual net income was to be paid to Louis I. Prouty during his life and the balance of the income was to be added to the principal; all or any part of the principal, including accumulations, could be paid to Louis I. Prouty or to Jane Prouty in the discretion of the trustee if needed for his or her maintenance, support, or welfare; the property remaining in the trust at the time of the death of Louis I. Prouty was to be distributed as he should appoint by his will and, in default of appointment, was to go to the children of the petitioner; and the petitioner, with the written consent of Louis I. Prouty during his life and thereafter alone, had the power to alter, amend, or cancel any of the provisions of the trust. The petitioner resigned as trustee of this trust on December 31, 1935.

Trust No. 2 as it existed immediately after the amendment of January 1, 1931, provided generally as follows: $2,500 of the annual net income was payable to Louis I. Prouty for life and the balance of the income was to be added to the principal; all or any part of the principal, including accumulations, could be paid to Louis I. Prouty in the discretion of the trustee if needed for his maintenance, support, or welfare; the trust property remaining at the death of Louis I.

Prouty was to be paid to Jane Prouty or, if she was not then living, as she should appoint; and the petitioner, with the written consent of Louis I. Prouty during his life and thereafter alone, had the power to alter, amend, or cancel any of the provisions of the trust.

Trust No. 3 was exactly like Trust No. 2, substituting the name of Richard for that of Jane.

The petitioner on January 2, 1935, amended each trust by surrendering all rights which she had retained either alone or in conjunction with any person to cancel, alter, or amend the trust.

The question presented is the extent to which Louis I. Prouty had a "substantial adverse interest" prior to 1935. Section 501 (c) of the Revenue Act of 1932 provided that the gift tax "shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power." This provision was repealed in the Revenue Act of 1934 (see sec. 511) with the explanation that it was unnecessary in view of the holding of the Supreme Court in *Burnet* v. *Guggenheim*, 288 U. S. 280, that the principle stated in the section was a part of the law even in the absence of an express legislative provision. If the petitioner's husband had a substantial adverse interest in the disposition of all of the trust property or the income therefrom, then, as contended by the petitioner, she made an effective and complete gift of the corpus of each trust prior to 1935 and also prior to the effective date of this gift tax. The present deficiency can be supported only in the event that the transfers were made in 1935. Furthermore, section 501 (b) provides that the tax shall not apply to transfers made prior to the effective date of the act (June 6, 1932).

The Commissioner, in determining the deficiency, conceded that an effective gift of an annuity of $2,500 for the life of the husband in each trust had been made prior to 1935. He subtracted the value of such an annuity and subjected the remaining value of the assets of each trust to the gift tax as transfers made in 1935. His contention is that the petitioner, in conjunction with her husband, could have revoked each trust at any time prior to January 2, 1935, and he contends further that the interest of the husband was an adverse interest only in relation to the annuity of $2,500. The petitioner replies that the interest of the husband prior to 1935 was adverse as to the entire trust property and income in each instance, in Trust No. 1 because he had the power to appoint by will who should receive all the trust property remaining at the date of his death, and as to

Trusts 1, 2, and 3 because he had the right to receive the entire corpus of each trust if its use was necessary or advisable for his maintenance, support, or welfare.

· The petitioner's husband, prior to 1935, had a right to receive not only the annuity under the first trust and all or any part of the corpus of the trust necessary for his maintenance, support, or welfare, but also a power to dispose of all of the corpus remaining at the date of his death. Clearly, his interest in this trust was an adverse interest in the disposition of the entire trust property and income adverse to any other use of the funds, and an interest which would naturally prompt him to resist any effort on the part of the grantor of the trust to alter, amend, or revoke the trust so as to revest in the donor title to such property. That gift was complete prior to 1935 and the amendment of January 2, 1935, did not effect a transfer of that trust property.

The husband also had an interest in the entire corpus of Trusts 2 and 3. His interest was twofold. First, he had a right to receive all or a part of the income or corpus of each of those trusts in case it was necessary for his maintenance, support, or welfare. The evidence does not disclose the probabilities in regard to the possible necessity of using the corpus or income for those purposes. His interest in those trusts went further. Any corpus remaining in those trusts at the date of his death was to go to his children. In the case of *Raoul H. Fleischmann*, 40 B. T. A. 672, the grantor had established a trust for children of his wife by her prior marriage. The trustee was their mother. She had custody of them. We pointed out that it was to her interest to use the income of the trusts to defray the expenses which otherwise might have to be paid from her personal funds, and although she acquired no legal interest in the trust income, nevertheless, from a practical standpoint, she had a very real and substantial interest in the disposition of the income adverse to any possible interest of the grantor in any accumulations. We held that her interest was a substantial adverse interest within the meaning of section 167 (a) (1) of the Revenue Acts of 1932 and 1934. The same reasoning applies here with equal force. Louis I. Prouty was the father of the two children ultimately to be benefited by Trusts 2 and 3. It is natural to assume that his desire and concern for the support, maintenance, and welfare of his children after his death would prompt him to resist any effort on the part of the grantor of the trust to alter, amend, or revoke that part of the trust so as to revest in her title to such property. These interests which the father had in Trusts 2 and 3, taken together, gave him a substantial adverse interest in the disposition of all of the property or income of those two trusts. *Jane B. Shiverick*, 37 B. T. A. 454; *Paul W. Litchfield*, 39 B. T. A. 1017. It thus appears that the transfers in Trusts 2 and

3 were also complete prior to 1935. If there had been a similar taxing statute during all of those prior years, these trusts would not have escaped tax in some prior year. Cf. *Hesslein* v. *Hoey*, 91 Fed. (2d) 954; *Sanford* v. *Commissioner*, 308 U. S. 39; *Rasquin* v. *Humphreys*, 308 U. S. 54.

*Decision will be entered for the petitioner.*