## MERRIMAN v. BRODERICK, Collector of Internal Revenue.

### No. 50.

District Court, D. Rhode Island.
April 10, 1941.

William B. Greenough and Ronald C. Green, Jr., both of Providence, R. I., for plaintiff.

J. Howard McGrath, U. S. Atty., and George F. Troy, Asst. U. S. Atty., both of Providence, R. I., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and A. M. Sellers, Sp. Assts. to Atty. Gen., for defendant.

HARTIGAN, District Judge.

The plaintiff has filed a motion for a summary judgment against the defendant for the sum of $1,611.02 (representing an overpayment of gift tax for the calendar year 1935 in the amount of $1,378.12, plus an overpayment of interest on said overpaid tax in the amount of $232.90) with interest on said sum of $1,611.02 at the rate of 6% per annum from February 23, 1939, to the date of repayment thereof.

The plaintiff sets forth as grounds for said motion:

"1. That there is no genuine issue as to any material fact.

"2. That the plaintiff as a matter of law is entitled to a judgment because

"(a) Section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585, provides that 'In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.'

"(b) Article 10 of Regulations 79 provided, as of the date of the creation of the Merriman Trust, as follows: 'Art. 10. Total amount of gifts. The statute provides that in determining the total amount of gifts during the calendar year the value of a gift or gifts (other than of a future interest in property) made to any one person is reduced by $5,000. For example, where the donor during a calendar year makes a gift to A of $5,000, a gift to B of $6,000, and two gifts to C of $3,000 each, the total amount of the donor's gifts during such year is $2,000. Gifts made during the calendar year to any one person of $5,000 or less should not be returned unless the gifts consisted of a future interest in property. Gifts of future interest in property are required to be included in the total gifts even though the amount of such gifts is $5,000 or less.'

"(c) Defendant has admitted under plaintiff's Request For Admission that 'the present value, as of December 21, 1935, of the interest received during the first five years of said trust by each of the five donees named in the trust instrument was in excess of $5,000.' It therefore follows that each beneficiary under said trust was a donee of a present interest valued in excess of $5,000 and, therefore, the plaintiff is entitled to one $5,000 exclusion for each of the five beneficiaries named in said trust.

"(d) Even if the defendant had not admitted the above facts the law of this Circuit is clearly settled to the effect that the

donor or settlor of a trust is entitled to one $5,000 exclusion for each beneficiary named in the trust and that beneficiaries under trusts who received more remote interests than the beneficiaries under the Merriman trust were the recipients of 'present interests'.

"3. It therefore follows that in computing the amount of gift tax due upon the creation of that certain irrevocable indenture of trust dated the 21st day of December, A. D. 1935, plaintiff was entitled to five 'exclusions' of $5,000 each or total 'exclusions' of $25,000 because there were five beneficiaries designated in said trust, each of whom received at the time of the creation of said trust a present interest exceeding $5,000 in value."

The defendant filed an answer to the complaint denying that the plaintiff is entitled to recover in the sum of $1,611.02, with interest thereon at the rate of 6% per annum from February 20, 1939, or any other sum and that the Commissioner of Internal Revenue correctly determined, asserted and collected the tax sought to be recovered herein.

Subsequently the plaintiff, pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requested the defendant to admit:

"1. That the document attached hereto is genuine, viz.: That the trust instrument attached hereto and dated the 21st day of December, A.D. 1935, is a true copy of that original trust instrument executed by Edith R. Merriman and dated the 21st day of December, A.D.1935 by the execution of which and by the transfer of the stock therein referred to, said Edith R. Merriman was subjected to liability for the payment of gift taxes in the total amount of $4,845.77 (viz., $1125.00 on February 13, 1936, and $3,720.77 on February 23, 1939) the refund of a portion of which taxes is the basis of the above entitled cause and was the basis of the claim for refund referred to in paragraph ninth of the complaint filed in the above entitled cause;

"2. That the following statement is true, viz.: That since said Edith R. Merriman by said trust instrument transferred 1250 shares of the capital stock of Crompton Company of Delaware, a Delaware corporation, which the Treasury Department valued at $125.00 a share (as shown by its letter dated June 16, 1939), and since by Article 19-7 of the Gift Tax Regulations it is provided that if the gift consist of property the rate of annual income of which is not determinable, a hypothetical annuity at the rate of 4 per cent of the value of the property should be made the basis of the calculation of the value of the gift, it is clear (under Table B of Article 19 of said Gift Tax Regulations) that the present value, as of December 21, 1935, of the interest received during the first five years of said trust by each of the five donees named in the trust instrument was in excess of $5,000.00."

Rule 36, F.R.C.P., provides in part as follows: "(a) Request for Admission. At any time after the pleadings are closed, a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth therein. Copies of the documents shall be delivered with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters."

The defendant failed either to deny specifically the matters with respect to which the admissions were requested or to set forth in detail the reasons why he cannot truthfully either admit or deny those matters. The defendant, therefore, has admitted 1 and 2 above.

The question presented in the instant case is whether the donor of a gift in trust is entitled under the provisions of Section 504 (b) of the Revenue Act of 1932 to one $5,000 exclusion for the entire trust, or to a separate $5,000 exclusion for each of the beneficiaries of the trust.

In the case of Guy T. Helvering, Commissioner of Internal Revenue, Petitioner v. Mary M. Hutchings, 61 S.Ct. 653, 85 L. Ed. ——, decided March 3, 1941, by the United States Supreme Court, the Court said:

"The petition for certiorari presents the single question whether under § 504(b) of the Revenue Act of 1932, 47 Stat. 169, 247,

26 U.S.C.A. Int.Rev.Acts, page 585, the donor of property in trust for the benefit of numerous beneficiaries is entitled to a single gift tax exemption or exclusion to the extent of the first $5,000 or to separate exemptions of $5,000 for each beneficiary.

\* \* \* \* \* \*

"The gift tax provisions are not concerned with mere transfers of legal title to the trustee without surrender by the donor of the economic benefits of ownership and his control over them. A gift to a trustee reserving to the donor the economic benefit of the trust or the power of its disposition, involves no taxable gift. It is only upon the surrender by the donor of the benefit or power reserved to himself that a taxable gift occurs. Sanford's Estate v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20; Rasquin v. Humphreys, 308 U.S. 54, 60 S.Ct. 60, 84 L.Ed. 77, and it would seem to follow that the beneficiary of the trust to whose benefit the surrender inures, whether made at the time the trust is created or later, is the 'person' or 'individual' to whom the gift is made.

"But for present purposes it is of more importance that in common understanding and in the common use of language a gift is made to him upon whom the donor bestows the benefit of his donation. One does not speak of making a gift to a trust rather than to his children who are its beneficiaries. The reports of the committees of Congress used words in their natural sense and in the sense in which we must take it they were intended to be used in § 504(b) when, in discussing § 501, they spoke of the beneficiary of a gift upon trust as the person to whom the gift is made. Similarly they spoke of gifts effected by transfer of money or property to another as consideration for the payment of money or other property to a third person as a gift to the third person. H. Rept. No. 708, 72d Cong., 1st Sess., pp. 27–28; S. Rept. No. 665, 72d Cong., 1st Sess., pp. 39-40. It is of some significance also that the denial by § 504(b) of the exemption in the case of gifts of 'future interests' has little scope for practical operation unless the gifts to which the exemption applies include those gifts made to beneficiaries of a trust since it is by resort to the conveyance in trust that most future interests are created.

"Moreover, the very purpose of allowing a gift tax exemption measured by the number of donees, would be defeated if a dis-tinction were to be taken between gifts made directly to numerous donees and a gift made for their benefit by way of a single trust, and we are unable to discern in the statute or its legislative history any purpose to make such a distinction. While one object of the exemption was to permit small tax free gifts, and at the same time 'to fix the amount sufficiently large to cover in most cases wedding and Christmas gifts' without the necessity of keeping accounts and reporting the gifts, H. Rept. supra, 29; S. Rept. supra, 41, nevertheless the statute extended the exemption in the specified amount to all gifts, whether large or small, 'made to any person'.

"In the face of an exemption thus made broadly applicable to all gifts to all donees and in the absence of some indication of an intention to discriminate between gifts made directly to the donees and those made indirectly to the beneficiaries of a trust, we can hardly assume a purpose to favor one class of donees over the other or find such a purpose in the words of the statutory definition of 'person' which may indicate either the trust or each individual beneficiary of the trust as the person to whom the gift is made. Further, such an assumption would open the way to avoid the $5,000 limitation upon the allowed exemption, by resort to the simple expedient of the creation by a single donor of any number of trusts of $5,000 each for the benefit of a single beneficiary. A construction so dependent upon an artificial meaning of the words of the statute and so out of harmony with the statutory scheme and purpose is not to be favored.

"Article 11 of 79 Treasury Regulations (1933 edition), issued under the 1932 Act treats each gift to the beneficiary of a trust as entitled to the benefit of the $5,000 deduction unless the gift is of a 'future interest' which § 504(b) excepts from the exemption otherwise allowed. Such we think is the correct construction of the statute."

There is no genuine issue as to any material fact and the plaintiff is entitled to a judgment as a matter of law.

■■■ The court finds as a matter of law in computing the amount of gift tax due upon the creation of that certain irrevocable indenture of trust dated the 21st day of December, A.D. 1935, the plaintiff was entitled to five "exclusions" of five thousand dollars ($5,000) each or total "exclusions" of twenty-five thousand dollars ($25,000),

because there were five beneficiaries designated in said trust each of whom received at the time of the creation of said trust a present interest exceeding five thousand dollars ($5,000).

It is ordered that judgment be entered for the plaintiff for the sum of $1,611.02 with interest thereon from the date of payment, viz., February 23, 1939, at the rate of 6% per annum, as required by law, to a date preceding the date of the refund check by not more than thirty days; and with costs for fees paid to the Clerk of the Court and to the United States Marshal, and a fee of ten dollars for plaintiff's attorney.

The court hereby certifies that there was probable and reasonable cause for the act of the defendant, the Collector of Internal Revenue, in demanding and collecting from the plaintiff the Internal Revenue Tax, for the refund of which this judgment is entered.