Mabel G. Adams, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 101820.    Promulgated July 24, 1941.

*Ellis D. Bever, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

ARUNDELL: The question before us may be disposed of by decision of the first issue. The gift tax, by familiar principle, may not be applied to gratuitous transfers which are incomplete in nature and will not be consummated, if at all, until some later time. *Burnet* v. *Guggenheim*, 288 U. S. 280; *Hesslein* v. *Hoey*, 91 Fed. (2d) 954; *Emily Trevor*, 40 B. T. A. 1241. Indicia of such incompleted transfers have been given in numerous decisions. *Marrs McLean*, 41 B. T. A. 1266; *Martin Beck*, 43 B. T. A. 147; see *Lorraine Manville Gould Dresselhuys*, 40 B. T. A. 30; *John S. Mack*, 39 B. T. A. 220. The factors which are significant here in large measure determine also the applicability of the estate tax to transfers made during life in which the decedent retains some benefit or right of control. *Sanford* v. *Commissioner*, 308 U. S. 39; *Rasquin* v. *Humphreys*, 308 U. S. 54; *Marrs McLean, supra*, p. 1268; *Meta Biddle Robinette*, 44 B. T. A. 701.

Examination of the transfer before us discloses that the petitioner's disposition of the corpus of the trust was conditioned on her right to have principal applied when necessary to furnish to her an annuity of $8,400 per year.

There remained thus in the petitioner after the 1936 transfer the right to receive portions of the principal of the trust whenever income did not equal that amount. His right pervaded the entire trust corpus and in this circumstance may not be restricted here to only a portion of the trust by assigning a market value to the annuity. The possibility, moreover, that the corpus would be used to furnish the annuity was not remote, as is demonstrated by the failure of the trust income to equal the annuity in any of the years of which proof is made. Cf. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151; *Michigan Trust Co. et al., Executors*, 27 B. T. A. 556; see also *Burdick* v. *Commissioner*, 117 Fed. (2d) 972.

In these circumstances it may not be said that petitioner has parted finally with her rights in the properties transferred and there was, in consequence, no completed gift in the 1936 transfer.

In the instant case, moreover, the principles drawing together in *pari materia* the estate and gift taxes may appropriately be applied. The latter tax can have no application where, as here, the transfers made were so far incomplete as to compel the inclusion of the transferred properties in the petitioner's estate; the rights and benefits retained by the petitioner in the trust corpus bring it within the scope of the estate tax, see *Helvering* v. *Hallock*, 309 U. S. 106; *Emily Trevor, supra*, and accordingly the gift tax, which, in so far as it may, has application exclusive of the field of the estate tax, may not be here imposed. *Sanford* v. *Commissioner, supra; Morris Michel*, 43 B. T. A. 1036.

In view of what has been said above, it becomes unnecessary to consider the additional arguments of the petitioner based on other incidents of the transfer, reserving to petitioner the right to occupy a home purchased with trust funds and to receive from the trustees such income in addition to the annuity as they might consider necessary for petitioner's support. Cf. *Edward Rayne McComb Herzog*, 41 B. T. A. 509; affd., 116 Fed. (2d) 591; *Katherine S. Rheinstrom*, 37 B. T. A. 308.

In accordance with the stipulation of the parties, it is held that there is an overpayment of $1,155.34.

*Decision will be entered under Rule 50.*