ANTOINETTE K. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97743.   Promulgated March 27, 1942.

*S. Leo Ruslander, Esq.*, for the petitioner.
*J. W. Smith, Esq.*, for the respondent.

## OPINION.

MURDOCK: This case is here under mandate after a reversal of a prior decision of the Board by the United States Circuit Court of Appeals for the Third Circuit. A further hearing has been held in compliance with the mandate. The broad question is whether income of a trust is taxable to the grantor under section 22 (a), but the first question is to determine how much latitude has been allowed the Board under the opinion and mandate of the court.

The case was originally submitted to the Board upon a stipulation of facts. The Commissioner had held that the income of a trust established by the petitioner in 1937 was taxable to her. He explained in the notice of deficiency that the income of the trust was taxable to her under sections 166 and 167 of the Revenue Act of 1934. The Board held that the income of the trust was not taxable to the grantor under these sections. 42 B. T. A. 693. The Commissioner, when he filed his brief, attempted for the first time to support his determination under section 22 (a). No such issue was raised by the pleadings and the Board might have disposed of the question on that ground. But the Board was of the opinion that the Commissioner had not made out a case showing that the income of the trust was taxable to the grantor under section 22 (a), so it ignored the technicality and definitely held that the income of the trust was not taxable to the petitioner under section 22 (a). It took the precaution to mention that the petitioner had never had her day in court on any such issue and in no event should the case go against her by applying section 22 (a) until she had had that opportunity.

The appellate court unanimously agreed with the Board that the income of the trust was not taxable to the petitioner under sections 166 and 167, but divided on the question of whether or not the income was taxable to the petitioner under section 22 (a). *Commissioner* v. *Brown*, 122 Fed. (2d) 800. The court recognized that the taxpayer was entitled to her day in court, and there are statements in the prevailing opinion indicating that the court was not ready to decide the applicability of section 22 (a). Nevertheless, it is stated unequivocally in the prevailing opinion that the court is in disagreement with the conclusion reached by the Board that the Commissioner had failed to make a case under section 22 (a). Furthermore, the court reversed the decision of the Board. Thus, the law of the case as pronounced by the court is that on the original record the income of the trust was taxable to the grantor under section 22 (a). Otherwise, there was no point in reversing the case and saying that the court disagreed with the conclusion of the Board. See dissenting opinion of Judge Maris. The court remanded the case "with directions to permit the parties to adduce additional evidence and to decide the issues presented by

section 22 (a)." It would seem clear that if no evidence had been offered, the Board would have to hold that the income of the trust was taxable to the grantor under section 22 (a) and could not again decide that that section was inapplicable. The Board, for these reasons, has taken the position that it can fully comply with the mandate of the court only by limiting its consideration to the question of whether or not the additional evidence adduced by the petitioner overcomes the case already made by the Commissioner.

The Board, after receiving the mandate, held a further hearing and thus gave the parties an opportunity to adduce additional evidence. The respondent offered none. The petitioner offered the testimony of a witness. That testimony established some facts which were already set forth in the stipulation and need not be repeated. The only facts established by the evidence that were not shown in the stipulation are as follows:

Josephine Ballard was about 70 years of age in 1927 and the petitioner at that time "was in her sixties." The purpose of the trust was not to effect a saving in income taxes. Joseph P. Knapp, the original trustee, was a brother of the petitioner, and the husband of the petitioner was substituted for him as trustee in 1936 because Knapp was retiring from business and wanted to be relieved of his duties as trustee. The petitioner estimated when the trust was created that the annual income from the trust would be about $20,000.

The additional evidence adds nothing which would cause the pendulum to swing back in the petitioner's direction. It is not controlling that the purpose of the trust was not to effect a saving in income taxes. The evidence in regard to the trustees is immaterial. The same is true of the evidence in regard to the estimated income from the trust. The fact that the petitioner and the original chief beneficiary of the trust were advanced in years at the time of the creation of the trust is, if anything, detrimental to the petitioner's case. Thus, the stipulation and the new evidence make no stronger case for the petitioner than did the stipulation alone. This being so, the law of the case as established by the court must stand. That is, the income of the trust is taxable to the petitioner under section 22 (a) of the Revenue Act of 1934.

*Decision will be entered for the respondent.*