*Decision will be entered under Rule 50.*

LEONARD A. YERKES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVEUNE, RESPONDENT.

Docket No. 106189.   Promulgated August 4, 1942.

*Floyd F. Toomey, Esq.,* for the petitioner
*Charles Oliphant, Esq.,* for the respondent.

### OPINION.

ARNOLD: This case involves a deficiency in gift taxes for the year 1937 in the sum of $2,347.73. Two questions are presented: (1) whether income paid to a life beneficiary under a trust, revocable as to income by the donor, is a gift of such income in the year paid, and (2) the number of $5,000 exclusions, if any, to which petitioner is entitled. By an amended answer respondent claimed an increased deficiency in that he allowed two $5,000 exclusions when he should have allowed but one, since the gifts in trust for the benefit of petitioner's children were gifts of future interests.

The case was submitted on an agreed statement of facts, which are incorporated herein by reference, and the return and amended return.

Petitioner is an individual residing at Greenville, Delaware. His Federal gift tax return for the calendar year 1937 was filed with the collector of internal revenue for the first district of Delaware at Wilmington, Delaware.

On August 20, 1929, petitioner created a trust for the benefit of his wife and children. All the income from the trust was payable annually in quarterly installments to his wife during her life. Upon her death the principal was to be divided into as many equal shares as there were children of the donor then living, and issue, collectively, of any then deceased child, each child to receive the income from his or her share for life, the principal then to go to such child's heirs.

Petitioner expressly reserved to himself the power to amend the trust or trusts from time to time by instruments in writing, but could not make himself, either directly or indirectly, a beneficiary nor add additional beneficiaries. Such power to amend:

* * * shall solely be confined to rearranging among the beneficiaries originally named herein the proportions or proportionate benefits, whether of principal or income which they are entitled to receive hereunder, even to the extent of depriving one or more of them of any participation. The power of amendment of the party of the first part as above expressed shall extend to changing, amending, adding to or subtracting from the power and authority of the Trustee or Trustees, and to the substitution of new or different Trustees and the revocation of the power and authority of any trustee or trustees, at any time serving.

On September 29, 1937, pursuant to the power retained by him, petitioner, by amendment, canceled and terminated the right reserved to him under the original trust indenture, in so far as it applied to the principal of the trust. The parties are not in disagreement that this amendment gave rise to a taxable gift of principal. Petitioner's power and control over the income of the trust in the original agreement remained unchanged.

Other provisions of the stipulation are as follows:

Pursuant to the terms of the Trust Agreement of August 20, 1929, there was paid from the net income of said trust to Helen J. Yerkes, wife of the petitioner, from June 6, 1932, to December 31, 1937, the following amounts:

| Year | Amount |
| --- | --- |
| 1932 (subsequent to June 6) | $4,585.87 |
| 1933 | 7,373.35 |
| 1934 | 7,683.58 |
| 1935 | 14,688.45 |
| 1936 | 10,781.76 |
| 1937 | 12,268.59 |

On September 29, 1937, the value of the principal of the trust, discounted for the then life of the petitioner's wife Helen J. Yerkes, was $112,578.38.

In computing the total gifts for 1937, the Commissioner included the sum of $12,268.59 paid to Helen J. Yerkes in that year, pursuant to the terms of the Trust Agreement of August 20, 1929, as amended.

The amount of the net gifts for preceding years, in the sum of $19,382.43, as shown in the notice of deficiency, was computed by the Commissioner as follows:

| | Subsequent to June 6, 1932 | 1933 | 1934 | 1935 | 1936 |
| --- | --- | --- | --- | --- | --- |
| Paid from trust to Helen J. Yerkes | $4,585.87 | $7,373.35 | $7,683.58 | $14,688.45 | $10,781.76 |
| Deduction | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| Specific exemption | | | | 1,144 71 | |
| Net gifts | | 2,373.35 | 2,683.58 | 8,543.74 | 5,781.76 |

In his amended answer filed at the hearing respondent alleges that in computing petitioner's gift tax liability for the calendar year 1937, in addition to allowing one exclusion of $5,000 for the life beneficiary,

he erroneously allowed an additional exclusion of $5,000 with respect to the gifts in trust for the benefit of petitioner's children, and asserts such gifts were of future interests and no exclusion was allowable to the trust or to the children.

At the hearing counsel for petitioner conceded respondent's position as set forth in his amended answer. We therefore hold that, by reason of the gifts to the trust for the benefit of the children being gifts of future interests, no exclusion on account thereof is allowable.

This leaves for consideration the question of whether the income of the trust paid to the wife is a gift of income in the year paid. The Commissioner so treated it in his deficiency notice and in his amended answer which claimed an increased deficiency. Petitioner filed no brief, but his counsel stated at the hearing that he relied upon the case of *Estate of Giles W. Mead*, 41 B. T. A. 424, and *Jack L. Warner*, 42 B. T. A. 954, as determinative of the question of law involved.

Both of these cases were appealed to the United States Circuit Court of Appeals for the Ninth Circuit. The *Mead* case was dismissed, *Commissioner* v. *Mead*, 116 Fed. (2d) 278. The court, on May 2, 1942, on the authority of *Burnet* v. *Guggenheim*, 288 U. S. 280; *Estate of Sanford* v. *Commissioner*, 308 U. S. 39; and *Rasquin* v. *Humphreys*, 308 U. S. 54, reversed the Board in the *Warner* case, 127 Fed. (2d) 913.

The court there held that, where the power to revoke had not been relinquished or terminated, the payments of income by the trust to the settlor's wife and children were transfers by the settlor of the trust of such income by gift.

In the case before us, in the original trust indenture of August 20, 1929, petitioner expressly reserved the right to rearrange among the named beneficiaries proportions or proportionate benefits they were entitled to receive, whether of principal or income, even to the extent of depriving any one or more of them of any participation in either principal or income. By the amendment of September 29, 1937, this right was canceled and extinguished as to principal. The power to control the income of the trust remained in petitioner as reserved by him in the original trust agreement. He had the right to apportion the income among the beneficiaries named in any manner he saw fit. He could exclude any one or more of them from any participation therein. He had the power to divest his wife of any right to receive income by directing its payment to other beneficiaries named. This retained control over the income made the recipient subject to petitioner's bounty from year to year and the payment of the income by the trust to petitioner's wife, we think, constituted gifts by petitioner in the year paid by the trust and received by petitioner's wife.

In so far as the case of *Giles W. Mead*, *supra*, is in conflict with the conclusions here reached, it will no longer be followed.

In view of petitioner's concession that only one $5,000 exclusion is allowable, respondent is entitled to an increase in the deficiency as claimed in his amended answer.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Leech and Kern dissent.