Newton Bissinger v. Commissioner.
Bissinger v. Commissioner
Docket No. 112523.
United States Tax Court
1943 Tax Ct. Memo LEXIS 333; 1 T.C.M. (CCH) 998; T.C.M. (RIA) 43198; April 29, 1943
*333 Willard L. Ellis, Esq., 615 Russ Bldg., San Francisco, Calif., for the petitioner. Thomas M. Mather, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: The respondent has determined a deficiency of $3,206.84 in petitioner's income tax for 1940. The only question in issue is whether petitioner is taxable on the income of a trust which he created for the benefit of his son and others, naming himself and the son trustees and retaining the right to change the beneficiaries or beneficial interests at any time. The facts have been stipulated. [The Facts] Petitioner is a resident of San Francisco, California. He filed his income tax return for 1940 with the collector of internal revenue for the first district of California. On December 26, 1939, petitioner created an irrevocable trust transferring to himself and his son, Paul A. Bissinger, as trustees, 587 1/2 shares of the common stock of Bissinger & Co., a California corporation. The income of the trust during the settlor's lifetime was to be paid to his son and upon the son's death, should he predecease the settlor, either paid to or accumulated for the benefit of the son's issue or other designated beneficiaries. *334 The trust was to terminate upon the death of the settlor and the remaining trust estate was to be distributed to Paul, if living, or if not to other beneficiaries. The settlor expressly reserved the right during his lifetime to change the beneficiaries of the trust, both as to principal and income, and to increase or decrease any of the beneficial interests in any manner he might choose, except that he could not revest in himself or his estate title to any of the trust corpus or any of the income. The trustees received dividends in 1940 on the 587 1/2 shares of Bissinger & Co. stock of $5,287.50, which they immediately paid over to Paul A. Bissinger in accordance with the provisions of the trust. The trust continued in effect throughout the year 1940 without any change or modification. At the time he created the trust and throughout 1940 petitioner was married and was the father of two adult children, Paul A. Bissinger and Helen Bloch, both of whom were married and living apart from petitioner. In his income tax return for 1940 petitioner reported a net income of $77,514.55. The only adjustment which the respondent has made in the return is to add to petitioner's income the $5,287.50 *335 of dividends paid on the shares of Bissinger & Co. stock which were held in the above described trust. The respondent states in his deficiency notice: Under the terms of the instrument of trust you had the power to manage and control the corpus of the trust and the power to alter or amend the provisions relating to the distribution of the corpus or income of the trust, except to divest any portion for your personal use. It is held that you have retained such control of the corpus and income of the trust as to be taxable on the income of the trust for the year 1940 under the provisions of Section 22 (a) of the Internal Revenue Code. [Opinion] We think that the respondent's determination in this case accords with Commissioner v. Buck (C.C.A., 2nd Cir.), 120 Fed. (2d) 775; reversing in part 41 B.T.A. 99; Commissioner v. Brown (C.C.A., 3rd Cir.), 131 Fed. (2d) 640; affirming 46 B.T.A. 782; certiorari denied, 63 S. Ct. 760; Morton Stein, 41 B.T.A. 994; Ellis H. Warren, 45 B.T.A. 379; *336 affd. (C.C.A., 6th Cir.), 133 Fed. (2d) 312; Howard Phipps, 47 B.T.A. 357, and a number of other cases decided by this and other courts upon the principle of Helvering v. Clifford, 309 U.S. 331. In both Commissioner v. Buck, supra, and Commissioner v. Brown, supra, the trusts were long-term as distinguished from short-term trusts (see discussion of this factor in Verne Marshall, 1 T.C. 442, and Ellis H. Warren, supra) and contained other features favorable to the taxpayers' contentions. However, what the courts considered of greater importance was the fact that the settlors retained the right to change the beneficiaries or the beneficial interests at pleasure. The court said in the Buck case: The outstanding fact, which distinguishes this case from Helvering v. Palmer, 2 Cir., 115 Fed. (2d) 368 and Blair v. Commissioner, 1937, 300 U.S. 5, 57 S. Ct. 330, 81 L. Ed. 465, *337 is that respondent has reserved to himself during his life, the power, at any time, and from time to time, to "alter or amend in any respect whatsoever," the provisions of the indenture relating to "the disposition of the income and principal of the trust estate or the separate shares into which the same may be divided, and to change any beneficial interest" thereunder. True, he cannot do so in such a way as to "revest in himself title" or "so as to direct that any part of the income * * * be distributed to him or be held or accumulated for future distribution to him." But he has unlimited power, at any moment to reduce or obliterate the share of principal or interest originally allotted to his wife or any child, if for any reason, or for no reason, he decides, in the exercise of his uncontrolled discretion, that any of the beneficiaries is receiving more than seems desirable. * * * There is no gift of trust income where a settlor retains the right to change the beneficial interests, but the gift occurs when that right is relinquished by the settlor. Sanford's Estate v. Commissioner, 308 U.S. 39; Commissioner v. Warner, 127 Fed. (2d) 913; *338 reversing 42 B.T.A. 954; Leonard A. Yerkes, 47 B.T.A. 431. Since the trust here was strictly a family trust; and since the settlor was himself a trustee, the other trustee being his son, who was also the principal beneficiary; and since petitioner reserved unto himself as settlor of the trust the right to direct the distribution of the income of the trust to any persons whom he might choose, excluding himself; we think that petitioner retained sufficient control over and interest in the trust property to be taxable on the trust income under section 22 (a) of the Internal Revenue Code. Decision will be entered for the respondent.