**UNITED STATES of America**

v.

**Kathryn P. DEATON, et al.**

**Civ. A. No. 88–0193–BG (CS).**

United States District Court,
W.D. Kentucky,
at Bowling Green.

Sept. 20, 1990.

Clarified and Corrected by Order
Oct. 11, 1990.

Scott C. Cox, Asst. U.S. Atty., Louisville, Ky., Michael J. Salem, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Frank Hampton Moore, Jr., Cole, Broderick, Minton, Moore & Thornton, Whayne C. Priest, Jr., English, Lucas, Priest & Owsley, Bowling Green, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

SIMPSON, District Judge.

In this case, the United States seeks to collect unpaid penalties assessed against the defendants under 26 U.S.C. § 6695. The original assessment was for $2,661,150 of which the defendants paid $9,705.23. The unpaid balance the United States seeks in its complaint is $2,651,444.70.

In May, 1990, the IRS sent notice to defendants that their liability for $2,650,725 of the outstanding unpaid assessed penalties had been eliminated. The "Notices of Adjustment" sent to defendants describe the decrease in liability as "liability not paid or owed." Thus, defendants have outstanding liability of only $719.77.

Defendants have moved for a summary judgment ruling that they are not "income tax return preparers" for purposes of 26 U.S.C. § 6695. In support, defendants contend that the abatement of most of their tax liability constitutes a judicial admission by the IRS that they were not "preparers."

As to the returns for which penalties have been abated, the issue of whether defendants were preparers or not is moot, and we will not rule on the question.

As to those returns for which the IRS maintains defendants are still liable in the amount of $719.77, the IRS's sole contention is that by changing or causing to be changed the taxpayers' address on their returns and W–2 Forms to their own, the defendants became "income tax return preparers." Memorandum of Pretrial Conference, entered 9/18/89.

Under 26 U.S.C. § 7701(a)(36), to constitute "preparation" of a return or claim for

refund, it is enough that a person prepared "a substantial portion of a return or claim for refund." By implication, preparation of less than a substantial portion of a return or claim for refund is not enough to render a person a "preparer." That interpretation has been adopted in the Treasury Regulations applicable to § 7701. *See* 26 C.F.R. § 301.7701–15(b) ("Only a person ... who prepares all or a substantial portion of a return or claim for refund shall be considered to be a preparer....")

Thus, in order to be deemed a "preparer," the statute contemplates the performance of more than mere ministerial acts. For example, the definition in § 7701 expressly excludes those persons who merely furnish typing, reproduction or other mechanical assistance. At the very least, a person must give "advice directly relevant to the determination of the existence, characterization or amount of an entry on a return or claim for refund," and that entry must itself be a "substantial portion" of the return or claim. *See generally* Rev. Rul. 85–188, 1985–2 C.B. 339. *And see* Rev.Rul. 85–187, 1985–2 C.B. 338; Rev.Rul. 85–189, 1985–2 C.B. 341 (persons who provided computer program that made substantive determinations as to amount of certain deductions were preparers).

We conclude that as a matter of law, insertion of an address different from the taxpayer's on the return and/or W–2 Form does not constitute preparation of a substantial portion of an income tax return. Defendants are therefore not preparers under 26 U.S.C. § 6695.

For the foregoing reasons, there being no material issue of fact, and defendants being entitled to judgment as a matter of law, defendants' motion for summary judgment is hereby GRANTED, and the complaint and all of the plaintiff's claims against the defendants will be DISMISSED by separate judgment.

In view of the disposition of the complaint and the plaintiff's claims herein, the pending motion to consolidate this action with *United States v. E & L Refunds, Inc.,*

Civil Action No. 84–0069–BG (CS) is hereby DENIED.

IT IS SO ORDERED.