## BLUMBERG v. SMITH.

### No. 8113.

Circuit Court of Appeals, Seventh Circuit.
Nov. 18, 1943.

Rehearing Denied Dec. 9, 1943.

Samuel O. Clark, Jr., Sewall Key, and Ray A. Brown, Asst. Attys. Gen., and Samuel H. Levy and Arthur Manella, Sp. Assts. to Atty. Gen. (B. Howard Caughran, U. S. Atty., of Indianapolis, Ind., of counsel), for appellant.

Samuel D. Royse, Gilbert W. Gambill, and Cooper, Royse, Gambill & Crawford, all of Terre Haute, Ind., for appellee.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

While the action took the form of one to recover taxes paid, the legal controver-

sy was over the query, When were two gifts made by the taxpayer completed, for gift tax purposes (under Sec. 501 of Revenue Act of 1932 as amended by Sec. 511 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, pages 580, 769)?

The two gifts were made by the taxpayer in the form of two trusts, the beneficiaries being the cousins or children of the cousins of the settlor. One was called the Ravitch Trust. The other was the Lavrova Trust. The material facts in reference to the dates and amounts of said trusts are herewith set forth:

|  | Ravitch Trust | Lavrova Trust |
| --- | --- | --- |
| Created | Jan. 2, 1936 | Jan. 1, 1937 |
| Value at time of creation | $79,184.17 | $27,313.24 |
| Gift tax paid, Nov. 1938 | $1,151.05 and interest | $1,683.72 and interest |
| Date of surrender of power to change beneficiary | Dec. 11, 1939 | Dec. 11, 1939 |
| Value of trust on Dec. 11, 1939 | $120,964.83 | $41,223.84 |
| Gift tax paid March 14, 1940, on both trusts here sought to be recovered, $12,384.06 |  |  |

The taxpayer in each trust reserved the right to divert the income at any time from the beneficiaries and also to end the trust. In view of its importance, we quote the language from each of the trusts:

The Ravitch Trust.

"11. Notwithstanding any other provision contained in this instrument, said Trustee shall have the right in his discretion at any time to pay to Fannie Blumberg, or if she be dead, to the heirs of said Fannie Blumberg, in accordance with the laws of descent of the State of Indiana, said trust fund and all additions and accretions thereto, to have and to hold absolutely and in fee simple, free of all trust, and thereupon this trust shall cease and determine."

The Lavrova Trust.

"11. Notwithstanding any other provisions contained in this instrument, said Trustee shall have the right in his discretion at any time to pay to the living children of said Benjamin Blumberg, or the issue of any deceased child, and/or to his wife, Fannie Blumberg, or to any of them, all or any part of said trust fund and all additions and accretions thereto, to have and to hold absolutely and in fee simple free of all trust, and whenever all of said trust estate and all additions and accretions thereto shall have been paid and

distributed, then this trust shall cease and determine."

In each of the two trusts the settlor, by other provisions, as sole trustee, was also given the right "in his sole discretion," either to accumulate the income for a certain period or to pay it to any one or all of several designated beneficiaries.

On December 11, 1939, the settlor, who was the sole trustee, relinquished the power to change a beneficiary by resigning as the trustee.

In November, 1938, taxpayer paid a gift tax which on the Ravitch Trust was $1,151.05 and interest. On the Lavrova Trust the tax paid was $1,683.72 and interest.

After the decisions of the Supreme Court in Sanford's Estate v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20, and Rasquin v. Humphreys, 308 U.S. 54, 60 S.Ct. 60, 84 L.Ed. 77, decided the same day, wherein it was held that a gift in trust is not subject to a gift tax until it becomes absolute, that is, until the power to change the beneficiaries therein has been surrendered by the settlor, the taxpayer evidently believed, or was advised, that his gift was not subject to a gift tax when executed and did not become subject to a tax until after he resigned.

This, we think, is apparent from the fact that on March 14, 1940, he paid a gift tax of $12,384.06 on the assumption that the gift tax attached when he resigned as trustee. The difference in the two amounts of gift taxes was due to the increase in the value of the trusts between the date of execution of the trusts and the date when settlor resigned as trustee.

Following this payment of the so-called second gift tax, the parties assumed positions inconsistent with positions thereafter taken. If the gift tax attached only when the settlor relinquished his power over the trust, then, of course, the first payments made by the taxpayer in November, 1938,

were erroneous and taxpayer was entitled to the return of the moneys he had thus paid. Taxpayer made a demand for such payments. The Commissioner, taking a position inconsistent with what he now takes, refused to repay said sums. Subsequently the Commissioner changed his position and offered to return the money which had been improperly collected. In the meantime the taxpayer, evidently in doubt as to whether the second payment was not the erroneous one, refused to accept the amounts of his first payments which were now offered him by the Commissioner. His position from then on was that he was subject to a tax on the gift when the trusts were executed and was not subject to the tax on said trusts at the time he resigned as trustee and surrendered his power to change the beneficiaries.

Although the confusion arising out of the payments of the taxes in this case is unfortunate, we see nothing about the facts which makes it a doubtful case. In view of the two Supreme Court decisions above cited, uncertainty has disappeared. There was much uncertainty before the Sanford opinion was announced. In fact, that case was prosecuted for the avowed purpose of clearing the legal atmosphere from the doubt which clouded it. See page 42 of the Sanford opinion in 308 U.S., 60 S.Ct. page 55, 84 L.Ed. 20.

There is no longer legitimate room for controversy as to when a trust wherein a settlor reserves to himself the power to designate beneficiaries other than himself, is taxable.

■ We think that the taxpayer's gifts were not taxable under the Federal law as a gift when the trusts were executed. It may be said with equal certainty that when the trustee resigned and his power to change the trust was lost, the gifts became taxable. From this it follows that the taxpayer properly paid his so-called second tax and such tax can not be recovered in this suit. However, the taxpayer was entitled to recover the sum first paid as a gift tax and should recover said sum together with interest thereon.

■ This opinion might be lengthened by a discussion of the Regulations of the Treasury,—Regulations No. 79, Article III, 1933 Edition, 1936 Edition, and 1940 amendment to the 1936 Edition. In our opinion, however, these regulations would not control, even though they covered the facts in this case. For regulations can not modify or change the statute. This applies to both parties, to the Commissioner and taxpayer.

The statute stated the law. The Supreme Court has construed it. Regulations were considered by the Court when it gave its construction in the Sanford case. Their re-entry into this case only serves to confuse, not to clarify or simplify what is tolerably clear in their absence.

Appellee moved to dismiss the appeal because the Commissioner assessed and collected income taxes from taxpayer on income derived from said trust for the years 1936, 1937, 1938, 1939, and 1940. Payment of these taxes was made October 26, 1942.

■ We fail to see wherein these facts afforded any basis for the dismissal of the appeal. If they have any bearing on the case, it is limited to the propriety of the judgment which was entered.

In other words, should their return be determined in this suit? The pleadings, as well as the trial, forbid their disposition in the pending suit. Whether they may be recovered in part or in whole in another proceeding, we need not determine. The motion to dismiss the appeal is denied.

The decree of the District Court is reversed without prejudice, however, to the right of plaintiff to recover in this suit under proper amendment or otherwise, or in another suit, the gift taxes with interest thereon, paid in 1938.