## FLETCHER TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8380.

Circuit Court of Appeals, Seventh Circuit.

Feb. 17, 1944.

Rehearing Denied March 23, 1944.

Joseph J. Daniels and Paul N. Rowe, both of Indianapolis, Ind. (Baker, Daniels, Wallace & Seagle, of Indianapolis, Ind., of counsel), for petitioner.

Samuel O. Clark, Jr., Sewall Key, Gerald L. Wallace, Helen R. Carloss, and Helen Goodner, Dept. of Justice, all of Washington, D. C., and J. P. Wenchel and Ralph F. Staubly, Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is a petition to review a decision of the Tax Court, entered May 7, 1943, sustaining respondent's assessment of a federal gift tax liability for the year 1936. The assessment was against petitioner as trustee, and the decision of the Tax Court was predicated on the theory that petitioner was liable as fiduciary for a transferee. There is no factual dispute as the findings of the Tax Court follow in the main a stipulation of the parties. A brief statement of such facts will suffice to reveal the legal questions raised by petitioner.

Hugh McK. Landon, a resident of Indianapolis, Indiana, as donor, and petitioner, a corporation also of Indianapolis, Indiana, as trustee, on May 23, 1932 entered into and executed a written trust agreement whereby Landon irrevocably assigned, transferred and set over unto the trustee certain policies of insurance theretofore issued on his life. Among other provisions, the trust agreement provided that the donor reserve to himself the right to change any of the beneficiaries named therein or the terms under which any beneficiary might take, except that the donor could not himself become a beneficiary. The trust agreement was amended on three occasions, but only the last amendment has any pertinency. By this amendment dated July 18, 1936, the donor irrevocably cancelled and surrendered his right to change any of the beneficiaries or any of the terms under which any beneficiary was to take.

On March 15, 1937, Landon filed with the Collector of Internal Revenue at Indianapolis a gift tax return for 1936, in which he recited the facts concerning the trust instrument of May 23, 1932, as well as the terms of the amendment of July 18, 1936, but reported no taxable gift during the year. On June 4 and June 7, 1937, Landon also filed with the Collector of Internal Revenue statements from the life insurance companies which had issued the trusteed policies of life insurance, disclosing the gift tax values of said policies as of July 18, 1936, the date on which he cancelled and surrendered his right to change the beneficiaries or terms of the trust agreement. The values so shown for the four policies were $18,885.-30, $18,034.66, $42,061.62, and $20,727.48. The premiums on such policies due for the years 1936 and 1937 were paid by Landon.

On June 4, 1937, the petitioner filed with the Collector of Internal Revenue for the district of Indiana a "Donee's or Trustee's Information Return of Gifts" for the year 1936, disclosing information similar to that appearing on the gift tax return previously filed by Landon. No gift tax was paid by either the donor or petitioner in respect to 1936 gifts by Landon.

There appears no necessity for relating in detail the terms of the trust agreement. It is sufficient to state that petitioner was required to hold the policies of insurance until their maturity and upon the donor's death to divide the proceeds thereof into three separate trust funds for the benefit of the donor's son-in-law and two daughters, each of whom was given the life income from his or her respective share in the trust fund. Provision was also made for disposition of the remainder interest.

The Commissioner at no time mailed a deficiency notice to the donor. Such notice, however, was mailed to petitioner (trustee) on January 18, 1941, and was received by it three days later.

The contested issues are (1) did Landon's surrender in 1936 of the reserve power to change beneficiaries without making himself a beneficiary constitute a taxable gift in that year? and (2) if the first issue be decided in the affirmative, is petitioner liable for the tax upon such gift?

▆ The gist of petitioner's contention on the first issue is that it had a right to rely upon regulations promulgated by the Treasury Department as to when the gift became complete, so as to create a tax liability. Amended Article 3 of Regulation 79, promulgated February 26, 1936 and in effect when the donor cancelled and surrendered his right to change beneficiaries, is particularly relied upon. It is earnestly insisted that by reason of this amended regulation, as well as prior regulations relative to the same subject matter, that the donor's cancellation and surrender of his right to change beneficiaries did not complete a taxable gift. We think there is no occasion to set forth such regulations with a view of determining the validity of petitioner's argument in this respect. This is so for the reason that even though we assume that petitioner was misled, it does not follow as a legal consequence that it can for this reason escape tax liability. The Tax Court, in deciding this issue contrary to petitioner, regarded

Higgins v. Commissioner, 1 Cir., 129 F.2d 237, as controlling. The court in the Higgins case, in a well reasoned opinion, held that the 1936 Treasury regulation there relied upon by the taxpayer, as here, was inconsistent with the gift statute and therefore invalid. Any inclination which we might have to disagree with the decision in that case has been definitely eliminated by Sanford's Estate v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20, and Rasquin v. Humphreys, 308 U.S. 54, 60 S.Ct. 60, 84 L.Ed. 77. According to these cases, there can be no doubt but that the donor's gift in the instant case became complete and subject to a tax at the time the donor relinquished his right to change the beneficiaries.

▆ We do not understand that petitioner controverts the effect of these decisions, but nevertheless it argues that its good faith reliance upon the regulations should preclude the imposition of the tax. A similar argument was made to this court in the recent case of Blumberg v. Smith, 7 Cir., 138 F.2d 956, and decided adversely to the taxpayer's contention. In doing so, this court (138 F.2d at page 958) said:

"In our opinion, however, these regulations would not control, even though they covered the facts in this case. For regulations can not modify or change the statute. This applies to both parties, to the Commissioner, and the taxpayer.

"The statute stated the law. The Supreme Court has construed it. Regulations were considered by the Court when it gave its construction in the Sanford case."

We find no reason to change our view thus expressed, and petitioner's contention in this respect must be denied.

Having decided that a taxable gift was made by the donor in 1936, it becomes necessary to consider the second contested issue; that is, did petitioner become liable for such tax? Sec. 501 of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, page 580, provides (a) for the imposition of a tax upon property by gift, and (b) that the tax shall apply whether the transfer is in trust or otherwise. Sec. 509 provides that such tax shall be paid by the donor on or before the 15th day of March following the close of the calendar year. Sec. 510 provides that such tax shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made,

and also, in the event that such tax is not paid when due, that the donee shall be personally liable for such tax to the extent of the value of such gift. Sec. 513 (a) authorizes the Commissioner to send a notice of any tax deficiency to the donor, and provides that no assessment of a deficiency and no distraint or proceeding in court for its collection shall be made, begun or prosecuted until such notice has been mailed to the donor. Sec. 517 provides that the amount of taxes imposed by this title shall be assessed within three years after the filing of the return, and bars a court proceeding for the collection of such taxes after the expiration of three years subsequent to the filing of the return.

■ As heretofore suggested, no deficiency notice was served upon the donor, and the notice served upon petitioner was more than three years after March 15, 1937, when the donor filed with the Collector of Internal Revenue his return, disclosing the facts which gave rise to this controversy. Petitioner contends that no proceedings could be instituted against it after the expiration of the three year limitation period. In other words, it contends that the donor and donee were each primarily liable and that this limitation period was applicable to each. Consistent with this argument, it is pointed out that if the tax was not paid by the donor on or before March 15, 1937, the donee immediately became personally liable. It does not follow, however, even though this argument be tenable, that both the donor and the donee are primarily liable. The provisions of the Act to which we have referred make plain, so we think, that the liability of the donor is primary and that of the donee secondary. In other words, it is only when the former fails to pay the tax that it becomes the liability of the latter. This is so even though the liability of the donee may attach the next day after that on which the donor becomes liable.

As already stated, this proceeding is not against the donor. Neither is it against the donee. Undoubtedly, a proceeding cannot be maintained against a donor until he has been served with notice of a tax deficiency, and the proceeding against him must be commenced within three years. Whether such would be the case in a proceeding against the donee is not so plain, but this we need not decide for the reason, as stated, that this proceeding is not against the petitioner in such capacity.

■ Respondent's contention, sustained by the Tax Court, is that petitioner is liable by reason of certain provisions contained in Secs. 526 and 527 of the Revenue Act of 1932, fixing a liability for a gift tax upon transferees and fiduciaries. Sec. 526 (b) (1) fixes a limitation period of "within one year after the expiration of the period of limitation for assessment against the donor." The real question in this case is whether these sections are applicable to the instant situation. If so, we think there can be little question but that the proceeding is not barred by the Sec. 517 limitation period. To so hold would completely ignore this additional one year period. Certainly it should not be construed as meaningless, which would seem to be the result if petitioner's theory were accepted. We hold that the three year limitation period is not a bar.

■ Neither do we think that notice to the donor is essential in order to maintain a proceeding against transferees or fiduciaries under Sec. 526, par. (a), entitled "Method of Collection," provides:

"The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in the tax imposed by this title * * *."

This language seems to indicate that notice must be sent to the one against whom the liability is asserted. As already pointed out, under Sec. 513 (a) that person is the donor, but under Sec. 526 it is the transferee or fiduciary. The fact that an additional limitation period is provided where the proceeding is against the latter is inconsistent with an opposing theory. We can see no reason or purpose in requiring that a notice be sent to the donor after the three year limitation period has expired as to him, before proceeding under the additional one year period against a transferee or fiduciary.

■ Sec. 526 (a) (1) imposes upon transferees of the property of the donor the tax due from the donor if they are liable "at law or in equity." It is argued by petitioner and conceded by respondent that there is no equitable liability. Petitioner states in its brief:

"Admittedly, petitioner is a transferee of assets of the donor. Admittedly, petitioner is subject to such transferee liability, if any, as exists at law or in equity."

Petitioner and respondent, however, take issue on the question as to whether there was a liability at law.

Sec. 526 (f) provides:

"As used in this section, the term 'transferee' includes donee, heir, legatee, devisee, and distributee."

Thus it appears from this unambiguous language that a donee is to be treated as a transferee of the donor's property. And it is settled that the beneficiaries of a gift in trust are the donees. Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909; United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913.

Sec. 510 provides:

"If the tax is not paid when due, the donee of any gift shall be personally liable for such tax * * *."

Notwithstanding petitioner's argument to the contrary, we are of the view that this statutory mandate imposes a liability at law upon the donee, and inasmuch as a donee is included in the term "transferee" by statutory definition, we are further of the view that a liability has been imposed at law upon the transferee.

Sec. 527 (b) provides:

"Upon notice to the Commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in section 526, the fiduciary shall assume, on behalf of such person, the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), until notice is given that the fiduciary capacity has terminated."

Respondent contends that inasmuch as the beneficiaries are donees and by statute included in the term "transferee," petitioner as fiduciary of such is liable. Petitioner argues that even though the beneficiaries are personally liable for the tax, they are not transferees because they have received no assets. It contends that petitioner itself is the transferee, but this contention is inconsistent with Sec. 526 (f), which expressly provides that a donee is included in the term "transferee." Furthermore, the contention that the beneficiaries have received nothing is contrary to the realities of the situation. Certainly they have acquired valuable property rights in the trusteed property. Such rights were transferred irrevocably to the beneficiaries by means of a gift. This argument is also inconsistent with the holding of the Supreme Court in the Hutchings and Pelzer cases, supra. It is hardly likely that the court would have held that the beneficiaries of a gift in trust are the persons to whom the gifts were made if they had received nothing. If the transfer is not in substance made to the beneficiaries, rather than to the trustee, it would follow that the trustee must be the donee of the gift, contrary to the Supreme Court's holding.

It would thus appear that petitioner is liable under Sec. 527 (b) if it was acting in a fiduciary capacity for the donee-beneficiaries, and that the Commissioner had notice of this fact. Petitioner argues that it is not a "fiduciary" within the meaning of this section, principally on the ground that the section applies only to fiduciaries having plenary powers to represent the cestuis que trust, such as executors, guardians, receivers, etc. There is nothing, however, in the term "fiduciary" as used in this section to indicate that it is applicable only to a certain type of fiduciaries. Petitioner, of course, held the trusteed property for the benefit of the beneficiaries named by the donor. Certainly it was acting in a fiduciary capacity on behalf of such beneficiaries and we think we would not be justified, in the absence of a clear Congressional expression to the contrary, in holding that the word "fiduciary" should be limited, as petitioner would have us do. Also, we see no merit in petitioner's contention that such a construction would impose an undue hardship upon petitioner or a fiduciary acting in a similar capacity. We should think there would be no question but that it not only would have the right but the duty to protect the property in its custody at the expense of the trust. Furthermore, it could not be liable in any event in excess of the assets or estate of such trust. We agree with the Tax Court that petitioner is liable as a fiduciary for a transferee.

Before concluding, however, one further question remains to be considered. Petitioner contends that it is not liable because it did not give notice to the Commissioner, as required by Sec. 527 (b) and Art. 61 of Regulation 79. It is true that notice was not given upon the Treasury's official form designed to meet the requirements of the statutory provision and the regulation relative thereto. However, as

heretofore suggested, petitioner on June 4, 1937 filed with the Collector of Internal Revenue for the district of Indiana a "Donee's or Trustee's Information Return of Gifts" for the year 1936. This return was signed by petitioner, gave the names and addresses of the beneficiaries, and while it disclaimed liability for any gift tax in 1936, it disclosed the details of the transfer upon which liability is asserted. Attached to the return were copies of the trust indenture showing the trustee's authority with respect to the trust. So far as we are able to discern, this return contained all the information prescribed by the statute or the regulation concerning notice to the Commissioner. The obvious purpose of the statute relating to notice is to acquaint the Commissioner with the facts so that he may mail a deficiency notice to the proper person. That purpose evidently was served, as notice was mailed to petitioner. It amounted to a substantial compliance, and we are unable to discern in what manner petitioner has been harmed in this respect.

The judgment of the Tax Court is Affirmed.