The present appeal invites me to review the factual propriety of transfer inheritance tax assessments levied by the respondent upon certain inter vivos transfers made by one Landon P. Smith, a resident of Somerset County, who died testate on February 23d 1946, at the age 78. R.S. 54:34-1 et seq., N.J.S.A.
Of the many gifts made by the decedent during his life, the respondent has resolved to tax only those made on the following occasions: October 11th, 1938; October 6th, 1939; September 17th, 1941; and July 2d 1942.
I observe that all of the transfers so assessed were in character complete, unqualified, consummate gifts intended to be immediately and unreservedly effective in the possession and beneficial enjoyment of the donees. Such transferences are not taxable by our statute unless it is made evident by the fair preponderance of the relevant and credible proof that they were made by the transferor in contemplation of death. Squier v.Martin, 131 N.J. Eq. 263; 24 Atl. Rep. 2d 865.
The transfers under present consideration were not made within two years of the decedent's death; hence, no statutory presumption arises that they were made in contemplation of death.R.S. 54:34-1, c, N.J.S.A.
There is no probative peg to which to hitch an inference that the state of health of the decedent at the period of the transfers was such as to cause him to believe that his death was proximately impending. I note that he executed his will on June 23d 1944. The determinant of the taxability of the transfers as gifts in contemplation of death is the motive, the intent and purpose of the transferor.
The gifts appear to have been made by the decedent to bestow some measure of financial assistance upon his two daughters and their dependent children. The transcript of the evidence reveals that the one daughter, due to the unemployment of her husband, was, during the span of time at which the transfers were made, in a somewhat desperate need of current income. The decedent divided his love and affections for his two daughters equally and he determined, perhaps prudently, and not uncommonly, that the gratuities and *Page 420 
benefactions which he was to confer upon them should be likewise maintained on a basis of equality. Indeed, it is not manifest that the other more fortunate daughter was at the time of the donations in easy financial circumstances.
Although the gifts, if aggregated, amount to a relatively substantial sum, yet in a practical view of the decedent's requirements they did not result in any sacrificial diminution of his necessary or desirable resources.
To accomplish the desire and intent that his donations should be of immediate benefit to the welfare of the two families, he was obliged to part with the entire ownership of the property transferred. Such an object could not have been attained by means of a testamentary disposition of post mortem interests. SeeCairns v. Martin, 130 N.J. Eq. 313; 22 Atl. Rep. 2d415.
I conclude that the respondent has not in this case proved by the preponderant weight of the evidence that the gifts were substitutes and makeshifts purposefully employed to effectuate in essence a testamentary disposition, and therefore has not established their taxability as transfers made in contemplation of death.
The assessments will be annulled. *Page 421