[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 422 
The Executor of the will of Lydia J. Jenkins appeals from a transfer inheritance tax levied upon two inter vivos trusts created by decedent approximately five years before her death.
The question here is whether the inter vivos gifts of property were made in contemplation of death, within the intendment of R.S. 54:34-1c and are consequently taxable transfers.
Testatrix died on June 5, 1947, at which time she was approximately 83 years of age. It was brought out at the hearing that, at the time of the transfers, March 12, 1942, the testatrix was in very good health, and, it was further testified to by her family physician, that he made professional calls on her not more than two or three times a year. The only condition which the testatrix had at the time was a certain amount of arteriosclerosis, which she had for a great number of years and which, apparently, did not bother her. The testimony displays the fact that she was quite active in women's clubs and bridge parties, and supported such organizations *Page 423 
as the Boy Scouts, the Y.M.C.A. and other boys' clubs in the Asbury Park area. She also played golf and drove her own large Cadillac car.
Testatrix had for many years contributed substantial financial support to her grandnephew, Robert C. Brandt, and her niece, Ada L. Challiss. The aid given to her niece averaged over a period of five years prior to the creation of the trust approximately $600.00 per year, and the aid given to Brandt over the same period averaged a little more than $2,300 per year.
On March 12, 1942, approximately five years before her death, the testatrix transferred certain of her assets to the Provident Trust Company, as trustee, thereby creating two irrevocable trusts for the benefit of her grandnephew and niece. The value of the property in the two trusts amounted to $97,036.80.
Mr. MacDougall, formerly associated with the Provident Trust Company, testified that the testatrix called on him and stated that she wished to continue the annual financial benefits she was bestowing on her grandnephew and niece, but found it difficult to do so because of increasing federal income taxes. She, therefore, wished to know if there were some irrevocable arrangements she could make, whereby she could continue the benefits she had been bestowing, and still not pay income taxes on those sums she was giving away. As a consequence of this conversation, the two irrevocable trusts in question were created.
On the same day that these trusts were established, the testatrix also shifted the bulk of her remaining assets into a revocable trust, whereby she received the income for life. Mr. MacDougall, former representative of the Provident Trust Company which for many years had handled the affairs of the testatrix and particularly an Agency Account, testified that this was done at his instigation, in order to avoid the extensive correspondence necessary to conduct her estate. He also explained to her that the establishment of this trust made it necessary for her to revise her will, which she did on the same day. *Page 424 
It is not contended that the revocable trust is not subject to transfer inheritance taxes. Our attention is directed only to the two irrevocable trusts, which the respondent claims were established in contemplation of death.
At the outset, it is pertinent to point out, that since the transfers under review were completed by the testatrix more than five years before her death, the statutory presumption, underR.S. 54:34-1c, does not arise. Therefore, the burden is upon the respondent to prove that the transfers were made in contemplation of death. Lee et al. v. Walsh, 141 N.J. Eq. 418
(Prerog. 1948); Squier v. Martin, 131 N.J. Eq. 263
(Prerog. 1942); MacGregor et al. v. Martin, 126 N.J.L. 492
(Sup. Ct. 1941).
It is quite clear that the impelling or determinative motive of the donor in making the gift is the test as to whether or not such gift was made in contemplation of death.
 In Central Hanover Bank Trust Co. v. Martin, 129 N.J.L. 127
(E. A. 1942), the court said:
"* * * the test of a gift in contemplation of death in the statutory sense is whether the determinative motive was `of the sort which leads to testamentary disposition.' It is requisite that the `thought of death' be the impelling cause of the transfer. If that be a controlling motive inducing the disposition of the property, the transfer is taxable under the statute. * * * The inquiry, therefore, is whether the gift was essentially testamentary in character. Was it made as a substitute for a testamentary disposition? Was the generating thought of death as distinguished from purposes associated with life?"
See also First National Bank Trust Company of Montclair v.Zink, 1 N.J. Super. 265 (App. Div. 1949).
The state of mind requisite to the imposition of the transfer tax must of necessity be the subject of some external manifestation that meets the legal standard of proof. What purports to be the indicia of a mental state are ofttimes but seeming and illusive; and care is to be taken that the things relied upon as a revelation of motive are not distorted beyond their real significance. The law will not pronounce a definitive judgment as to what lies in the mind and breast of the donor upon outward tokens that are equivocal. Moore v. Martin,125 N.J.L. 189 (Sup. Ct. 1940). *Page 425 
True, the donor was advanced in years at the time that she made the transfers. Age alone, however, is not decisive. It is a circumstance which must be considered along with all other evidence. It is further true that the trusts in question, the revocable trust and the will were all executed on the same day. The fact that these instruments were all signed on the same day is not decisive of the donor's motive, but again is a circumstance to be considered.
As against these and other circumstances offered to support the inference essential to taxability, we have many circumstances which strongly indicate the absence of the necessary motive. The donor was in extraordinarily good health for a woman of her years. Her activities were quite varied, and she also drove a large Cadillac car. Everything she did indicates that her thoughts were on continued life. The evidence shows that her impelling motive for making the transfers was to continue the long series of financial benefits she had bestowed on the donees and yet effect a tax saving in her income taxes.
The testimony supports the inference that the execution of the revocable trust, and of the will, were merely co-incidental with the execution of the trusts in question. The former was executed as a matter of convenience for both the donor and the bank, and the latter was rendered necessary because the bulk of donor's estate was placed in the trust. We do not feel that this circumstance was sufficient to create an inference that the trusts were created in contemplation of death.
After a careful review of the evidence, we feel that the respondent has not met the burden of showing that the gifts under review were made in contemplation of death.
Accordingly, the assessment is set aside and vacated. *Page 426