ANDRESINI, J.T.C.
This is the court’s opinion with respect to the parties’ cross-motions for summary judgment. Andrew Gray, III, Executor for the Estate of Beatrice Jochman (“Plaintiff’) contends that the inheritance tax for Ms. Joehman’s estate should not be based on the inclusion of the values of the Beatrice Jochman Unitrust and the Beatrice Jochman Residence Trust. The Director, Division of Taxation (“Director”) contends that the transfers were made in contemplation of death and are therefore subject to the inheritance tax. For the reasons set forth below, the court grants plaintiffs motion for summary judgment and, consequently, denies defendant’s cross-motion for same.

Facts

Decedent created two irrevocable trusts. The first was a Qualified Personal Residence Trust (“QPRT”), and the second was a Grantor Retained Unitrust (“GRUT”) (reference to both trusts hereinafter is “Jochman Trusts”). The Jochman Trusts each had *32 a fixed six-year term which expired during the life of decedent. The Director included the Joehman Trusts’ respective values as part of decedent’s estate when making an assessment of inheritance taxes.
In the Spring of 2004, Beatrice Joehman (“Decedent”) consulted with her attorney for estate planning purposes. She was then aged 85, and her estate was estimated to be in excess of $4 million. Decedent’s attorney recommended establishing irrevocable trusts to minimize state and federal tax burdens on the estate.
In 1996, decedent underwent surgery to repair her mitral valve as part of treatment for congestive heart failure. The valve was repaired again in 2004. Medical records from September 22, 2004 indicate she remained under her doctor’s care on a treatment of daily Lasix for “[Controlled congestive failure[.]” Decedent’s attorney certified discussing the need to establish trusts with terms that expire before she died in order to achieve the desired tax benefits. At that time, actuarial tables indicated decedent would live in excess of six years.[1]
On September 24, 2004, decedent established two trusts each with a term of six years expiring in September of 2010. The Beatrice Joehman Unitrust, a GRUT, was funded with $1 million. The GRUT provided for decedent to receive an annual amount equal to six percent of the fair market value of the corpus throughout the six-year term. Upon expiration of the trust period, the corpus and accrued income was to be distributed in accordance with the trust document to decedent’s siblings’ children.
On the same date, the title to decedent’s residence located at 282 Cedar Lane in River Vale, New Jersey was transferred to a second QPRT. The third clause of the QPRT reserved the right to *33 use and occupy the residence for the grantor, Ms. Jochman, for the trust period. Subsequent to the expiration, the grantor was given an option to rent the property from the trustee at fair market value for a period not exceeding fifteen years. In spite of the option, the River Vale residence was put up for sale upon expiration of the six-year term, was sold in 2011, and closed in early 2012. However, at the motion hearing, it was indicated and undisputed that decedent continued to live in the residence until her death.
Jochman died on August 24, 2011 which was exactly eleven months after the Jochman Trusts expired. During the audit of decedent’s inheritance tax return, the Director established the position that the life expectancy tables it utilized indicated that decedent could only be expected to live 5.31 years upon creation of the trusts. For that reason, both Jochman Trusts were included as part of decedent’s estate pursuant to N.J.A.C. 18:26-5.8 and assessed accordingly. However, in papers and during oral argument this position regarding actuarial timetables was abandoned in favor of reliance on the authorities discussed below.

Conclusions of Law

“The New Jersey Transfer Inheritance Tax, N.J.S.A. 54:33-1 et seq. ... is a privilege levy upon the right of succession to real and personal property transferred by a decedent in specified cases.” Gould v. Director, Div. of Taxation, 2 N.J.Tax 316, 319-320 (Tax 1981). The present matter concerns the Director’s decision to include the value of the Jochman Trusts in decedent’s estate. Specifically, the court is concerned whether the Director’s determination was proper under N.J.S.A. 54:34-1(e) or N.J.S.A. 54:34-1.1 which govern taxability of a decedent’s inter vivos transfers. At stake is the resulting tax levy “upon the transferee, and the amount thereof depends upon the value of the property transferred and the transferee’s relationship to decedent.” Gould, supra, 2 N.J.Tax at 320.
N.J.S.A. 54:33-1, et seq. imposes a tax “upon the transfer of property, real or personal, of the value of $500.00 or over, or of any interest therein or income therefrom, in trust or otherwise, to *34 or for the use of any transferee, distributee or beneficiary” under certain scenarios. Id. In pertinent part, the Act will impose tax where real, tangible, or intangible property, “is transferred by deed, grant, bargain, sale or gift [1] made in contemplation of the death of the grantor, vendor or donor, or [2] intended to take effect ... at or after such death.” N.J.S.A. 54:34-1(c)(emphasis added). Thus, this court could find decedent’s gratuitous transfer of property in trust is subject to taxation after fact sensitive analyses of the two distinct bases for taxation under the Act.
Note that with regard to transfers made in contemplation of death, the second paragraph of N.J.S.A. 54:34-1(c) creates a statutory presumption.
A transfer ... made without adequate valuable consideration and within three years prior to the death of the grantor ... of a material part of his estate or in the nature of a final disposition or distribution thereof, shall, in the absence of proof to the contrary, be deemed to have been made in contemplation of death within the meaning of subsection c. of this section; but no such transfer made prior to such three-year period shall be deemed or held to have been made in contemplation of death.
[N.J.S.A. 54:34-1(c).]
Separately, N.J.S.A. 54:34-1.1 places an additional qualifier on the aforementioned ‘intended to take effect at or after death’ basis for taxation.[2]
A transfer of property ... wherein the transferor is entitled to some income, right, interest or power, either expressly or by operation of law, shall not be deemed a transfer intended to take effect at or after transferor’s death if the transferor, more than 3 years prior to death, shall have executed an irrevocable and complete disposition of all reserved income, rights, interests and powers in and over the property transferred.

[Id.]

Presumptive Validity of Director’s Determination

The Director contends the decision to include the Jochman Trusts’ value in decedent’s estate is presumptively valid, and summary judgment should be granted in defendant’s favor. Accordingly, the court elects to decide whether the Director’s deter *35 mination is entitled to a presumption of correctness first, because such finding will ultimately impact the summary judgment analysis.
This court considers plaintiffs case from an initial presumption that determinations made by the Director are valid. See Campo Jersey, Inc. v. Director, Div. of Taxation., 390 N.J.Super. 366, 383, 915 A.2d 600 (App.Div.), cert. denied, 190 N.J. 395, 921 A.2d 448 (2007); L & L Oil Service, Inc. v. Director, Div. of Taxation, 340 N.J.Super. 173, 183, 773 A.2d 1220 (App.Div.2001); Atlantic City Transp. Co. v. Director, 12 N.J. 130, 146, 95 A.2d 895 (1953). “New Jersey courts generally defer to the interpretation that an agency gives to a statute [when] that agency is charged with enforcement.]” Koch v. Director, Div. of Taxation, 157 N.J. 1, 15, 722 A.2d 918 (1999).
Under N.J.S.A. 54:34-12, “the state tax commissioner shall forthwith assess and fix the cash value of the estate and levy the tax to which the same is liable and he shall give immediate notice thereof [to interested parties.]” Determinations by the Director are afforded a presumption of correctness, because “[c]ourts have recognized the Director’s expertise in the highly specialized and technical area of taxation.” Aetna Burglar & Fire Alarm Co. v. Director, Div. of Taxation, 16 N.J.Tax 584, 589 (Tax 1997) (citing Metromedia, Inc v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984)). Nevertheless, courts remain the final authority with respect to statutory construction and have no obligation to summarily approve of the Director’s administrative interpretations. See Koch, supra, 157 N.J. at 15, 722 A.2d 918. See also N.J. Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 575, 384 A.2d 795 (1978).
“[A]n administrative agency may not, under the guise of interpretation, extend a statute to give it a greater effect than its language permits.” GE Solid State v. Director, Div. of Taxation, 132 N.J. 298, 306, 625 A.2d 468 (1993). Our courts afford “great respect” to the Director’s decisions upon finding them reasonable interpretations of the operative law. Metromedia, supra, 97 N.J. at 327, 478 A.2d 742. See also N.J. Guild of Hearing Aid *36 Dispensers, supra 75 N.J. at 575, 384 A.2d 795; Atl. Transp. Co. v. Director, Div. of Taxation, 12 N.J. 130, 95 A.2d 895 (1953). However, deference to the Director’s expertise may not supplant statutory language. “It is well-established that in construing a statute, one must first consider its plain language. [S]uch language should be read according to its ordinary or general meaning, so long as that reading comports with the statute’s legislative intent.” Koch, supra, 157 N.J. at 7, 722 A.2d 918. (citations omitted).
The plain language found in N.J.S.A. 54:34-1(c) states that “no such transfer made prior to such three-year period shall be deemed or held to have been made in contemplation of death.” The restrictive three-year look-back period found in N.J.S.A. 54:34-1(c), also present in N.J.S.A. 54:34-1.1, reflects an explicit intent by the Legislature to curtail an open-ended inquiry into the decedent’s motivation, i.e. contemplation of death, for every inter vivos transfer. It is undisputed that the Joehman Trusts were established exactly six years and eleven months prior to decedent’s death in 2011, and the court recognizes those trusts were irrevocable in nature by their terms. In light of the statutory provisions, the court finds the Director’s decision to include those irrevocable trusts in decedent’s estate was plainly unreasonable. The Division may not simply hang its hat on the presumption its determinations are valid when, as here, its administrative determination contradicts an ordinary reading of the applicable statute. The Director’s ultimate determination could still prove meritorious upon further inquiry, but the Division of Taxation’s determination will not be presumed correct as the court proceeds in the summary judgment analysis.

Summary Judgment Standard

Plaintiff contends that the estate is entitled to summary judgment as a matter of law, because there are no material facts to support including the Joehman Trusts as part of decedent’s estate under N.J.S.A. 54:34-1(e), N.J.A.C. 18:26-5.8, or relevant case law. The Director’s cross-motion asserts summary judgment is appropriate since the transfers should be considered as made in contem *37 plation of death under N.J.S.A. 54:34-1(c) and were also incomplete dispositions under N.J.S.A. 54:34-1.1.
Summary judgment shall be granted if “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29, 666 A.2d 146 (1995). There is a genuine issue of material fact “only if, considering the burden of persuasion at trial, the evidence submitted by the parties, on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.” R. 4:46-2(c). The court must ascertain what rational conclusions a reasonable jury could derive from the evidence in order to determine whether there is a genuine issue of material fact. Brill, supra, 142 N.J. at 535, 666 A.2d 146. In making this decision, “the court must accept as true all evidence which supports the position of the party defending against the motion and must accord that party the benefit of all legitimate inferences which can be deduced therefrom.” Pressler, Current N.J. Court Rules, comment 1 on R. 4:40-2 (2014).
“By its plain language, R. 4:46-2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a ‘genuine issue as to any material fact challenged.’” Brill, supra, 142 N.J. at 529, 666 A.2d 146 (1995). “That means a non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute.” Ibid.
[I]f the opposing party offers no affidavits or matter in opposition, or only facts which are immaterial or of an insubstantial nature, a mere scintilla, ‘fanciful, frivolous, gauzy or merely suspicious,’ he will not be heard to complain if the court grants summary judgment, taking as true the statement of uncontradicted facts in the papers relied upon by the moving party, such papers themselves not otherwise showing the existence of an issue of material fact.
[Judson v. Peoples Bank & Trust Co., 17 N.J. 67, 75, 110 A.2d 24 (1954) (citations omitted).]
The court finds the instant matter is ripe for summary judgment, because the dispositive issues are solely legal in nature.

*38
Taxability as Transfers Made in Contemplation of Death

The Director maintains its assessment was correct, because the transfers were made by decedent in contemplation of death. In Estate of Berg v. Director, Div. of Taxation, the Tax Court noted that:
N.J.S.A. 54:34-1(c) creates a statutory presumption that a transfer is in contemplation of death, and is therefore subject to the inheritance tax, if [1] the transfer is without valuable consideration [2] within three years of the death of the transferor, and [3] is a material part of the transferor’s estate or is in the nature of a final disposition or distribution.
[17 N.J.Tax 256, 264 (Tax 1998).]
The parties disagree whether the transfers made by decedent in September of 2004 are presumed completed in contemplation of death.[3] However, when applicable:
It is now firmly settled ... that the presumption in the statute places the obligation upon the taxpayer to establish by a preponderance of the evidence that a transfer, made within the three-year period and meeting the other specified requisites, was not made in contemplation of death.
[In re Estate of Lichtenstein, 52 N.J. 553, 567, 247 A.2d 320 (1968).]
The court will address only the second element of the analysis propounded by the Tax Court in Estate of Berg, because it proves dispositive in regard to the statutory presumption. The Director’s position is that decedent’s rights to receive income and housing during the trust period continued within three years of her death. Accordingly, the Director argued the second element is satisfied regarding the requirement of transfers within three years of the transferor’s death. During oral argument, taxpayer’s attorney had a very simple and persuasive counterargument. The decedent completed the gift in 2004.[4]
The Appellate Division once discussed a similar set of circumstances:
Our attention is directed only to the two irrevocable trusts, which the respondent claims were established in contemplation of death. At the outset, it is pertinent to *39 point out, that since the transfers under review were completed by the testatrix more than five years before her death, the statutory presumption, under [N.J.S.A. 54:34-1(c)] does not arise.
[Provident Trust Co. v. Margetts, 5 N.J.Super. 420, 424, 69 A.2d 352 (App.Div.1949).]
The statute only presumes a decedent acted in contemplation of death when making transfers, i.e. acting as transferor, within three years of death. N.J.S.A. 54:34-1(c) is not concerned with decedent’s rights as the beneficiary. In the instant matter, the Joehman Trusts were created roughly seven years prior to the death of the transferor. Thus, decedent’s inter vivos transfers to fund the Joehman Trusts are not presumed, for the purposes of the inheritance tax statute, to be made in contemplation of her death.
Next, the court addresses whether the transfers are nevertheless subject to taxation through N.J.S.A. 54:34-1(c) without the presumption they were made in contemplation of death. Provident Trust Co. serves to demonstrate the change in statute from 1949 to present. Therein, after the court found the decedent’s transfers were not presumptively made in contemplation of death, the burden shifted to the Director to prove they were. See generally Provident Trust Co., supra, 5 N.J.Super. 420, 69 A.2d 352. The shifting of burdens and subsequent analysis is no longer necessary. As our state Supreme Court discussed in Estate of Lichtenstein, the statute was amended in 1951 to include a three-year time limitation on those transfers to be considered in contemplation of death. The Court noted that although the amendment was not sponsored by the taxing authority, it was enacted to harmonize New Jersey law with federal estate tax law. Estate of Lichtenstein, supra, 52 N.J. at 566, 247 A.2d 320.
Subsequently, our Supreme Court looked to the Senate Finance Committee report for guidance. The report explained:
At the present time this problem hangs over any person who makes a gift, even though he expects to live for many years, unless he can prepare evidence demonstrating that the gift was made primarily for nontax reasons.
[The amendment] removes from the scope of the contemplation of death clause all transfers made more than 3 years prior to the date of death. On the other hand, the burden of showing that the transfer was not in contemplation of death will be borne by the estate in all cases where the transfer was made within a period of 3 *40 years ending with the date of death. This will strengthen the position of the Government in cases where the transfer occurred between 2 and 3 years prior to the date of death.
[Ibid. (quoting (S. Rept. No. 2375, 81st Cong., 2d Sess., 1950-2 C.B. 524-5)).]
Thus, the New Jersey statute’s modern mandate is clear and purposeful: “no such transfer made prior to such three-year period shall be deemed or held to have been made in contemplation of death.” N.J.S.A. 54:34-1(c).
“[T]he goal of effectuating the legislative plan as it may be gathered from the enactment read in full light of its history, purpose and context” is paramount to any rule of statutory construction. Koch, supra, 157 N.J. at 7, 722 A.2d 918 (quoting State v. Haliski, 140 N.J. 1, 9, 656 A.2d 1246 (1995)). The legislative plan referenced by the Court in In re Estate of Lichtenstein reflects a desire to impose a clear time restriction on the contemplation of death basis for taxability of inter vivos transfers. This court finds decedent’s inter vivos irrevocable transfers of assets to the Jochman Trusts were completed more than three years prior to her death. As such, the remaining elements of the analysis outlined in Estate of Berg merit no further discussion. There is no “made in contemplation of death” basis for imposing tax on the value of decedent’s transfers under N.J.S.A. 54:34-1(e).

Taxability as Transfers Intended to Take Effect at or After Death

The court next addresses if the Jochman Trusts are taxable as testamentary substitutes intended to take effect at or after decedent’s death. The facts are clear and undisputed. After the fixed six-year term, all decedent’s rights to income from the GRUT ceased. After the expiration of the QPRT, decedent retained only a fixed term option to rent the River Vale residence for fair market value. Even though decedent’s beneficial interests in the Jochman Trusts expired before her death, she received income and housing by right as a beneficiary of those trusts within three years of her death.
As such, the Director argues “those transfers that occur prior to the three-year period in which the transferor retains some income, right, interest, or power in the transfer, are considered to be transfers made in contemplation of death.” (Def. Mot. Summ. J., *41 5, Sept. 3, 2013). In supporting this position the Director relies on N.J.S.A. 54:34-1.1 and the Director’s regulation N.J.A.C. 18:26-5.10. The contention that N.J.S.A. 54:34-1.1 functions to further the transfers in “contemplation of death” basis for taxation was reiterated during oral argument. At that time, the plaintiffs attorney felt the Director’s position conflated two distinct concepts, and that N.J.S.A. 54:34-1.1 represents a separate and distinct basis for inheritance tax.
As previously mentioned,[5] there are two bases for taxation of testamentary substitutes under the Act. The current focus is N.J.S.A. 54:34-1.1, which concerns only those transfers intended to take effect at or after death. Admittedly, little guidance from New Jersey courts exists in terms of application and interpretation of N.J.S.A. 54:34-1.1 which is likely why neither party squarely addressed the mechanics of the statute in papers or during oral argument. For that reason, this court’s functional framework utilized in deciding the instant matter is provided in detail below.
The New Jersey Supreme Court undertook the first and only extensive analysis of the origin and implications of N.J.S.A. 54:34-1.1 when deciding In re Lambert, 63 N.J. 448, 452, 308 A.2d 11 (1973). Therein the Court found:
[B]y reason of the 1955 act, transfers, as to which either the transferor retained no interest at inception or, if he did, completely and irrevocably disposed of the same more than three years before death, are not subject to transfer inheritance tax as a transfer ‘intended to take effect in possession or enjoyment at or after’ the death of the transferor.
[Id. at 459, 308 A.2d 11.]
In order to make its determination, the Court engaged in a historical analysis tracking changes to federal tax law and the subsequent pressures upon New Jersey inheritance tax law which ultimately resulted in more conformance.
As far as the scope and intent of the act is concerned, it makes no difference that the federal estate tax is a levy on the privilege of transferring property at death while our transfer inheritance tax levy is on the privilege of succeeding to property at death. The act deals with non-includibility of a certain kind of transfer to *42 harmonize with federal law, its language and the accompanying statement are plain as to its purpose and the theory of the tax is immaterial.
[Id. at 458, 308 A.2d 11.]
A statement attached to the bill of the 1955 statute, L. 1955, c. 135, N.J.S.A. 54:34-1.1, reads: “The proposed bill does not affect the present rules of taxation of gifts ‘in contemplation of death.’ ” Id. The court notes the Act’s combined provisions, N.J.S.A. 54:33-1 et seq., are consistent with those statements and contrary to the Director’s argument. Subsequently, this court finds N.J.S.A. 54:34-1.1 is best construed as not applicable to N.J.S.A. 54:34-1(c) in toto, but merely modifying one basis of taxation under N.J.S.A. 54:34-1(e); transfers intended to take effect at or after death.
For the aforementioned reasons, the Director’s argument focusing on the “made in contemplation of death” basis for taxation found in N.J.S.A. 54:34-1(c) while discussing N.J.S.A. 54:34-1.1 is flawed. Such an argument is at odds with the Legislature’s intent and the combined statutory scheme of the Act. Be that as it may, this court does not find N.J.S.A. 54:34-1.1 creates a distinct basis for taxation either. Rather, the after-enacted N.J.S.A. 54:34-1.1 handily serves to modify and restrict the second basis for taxation found in N.J.S.A. 54:34-1(c) which may impose tax upon transfers “intended to take effect at death.”
N.J.S.A. 54:34-1.1 clearly applies only to transfers when the transferor is entitled to some income, right, interest, or power in the transferred property. Nevertheless, it employs the same language regarding testamentary substitutes found in N.J.S.A. 54:34-1(c) as to transfers intended to take effect at or after death. The practical effect is that N.J.S.A. 54:34-1.1 excludes some testamentary substitutes from N.J.S.A. 54:34-1(c)’s reach by imposing a three-year time restriction on what transfers may be deemed intended to take effect at or after death.[6] Accordingly, a “complete and irrevocable disposition of all reserved income, *43 rights, interests, and powers in and over the property transferred” made by decedent more than three years prior to death will curtail the second basis for taxation under N.J.S.A. 54:34-1(c). See N.J.S.A. 54:34-1.1.
Consequently, the ultimate determination as to whether such transfers are taxable as intended to take effect at or after decedent’s death should not be a single-step process. Rather, the statutes are best read in conjunction. First, the court should determine whether the transferor, executed an “irrevocable and complete disposition of all reserved income, rights, interests and powers in and over the property transferred” more than three years prior to death. N.J.S.A. 54:34-1.1. If not, those transfers are treated as testamentary substitutes intended to take effect at or after death, and tax should be imposed under N.J.S.A. 54:34-1(c). However, if the answer is yes, then the transfer “shall not be deemed a transfer intended to take effect at or after transfer- or’s death[.]” N.J.S.A. 54:34-1.1. In which case, tax could not be imposed under the second basis, concerning transfers intended to take effect at or after death, of N.J.S.A. 54:34-1(c).
As applied to the facts of this case, the court will determine whether the decedent’s transfers of property to the Jochman Trusts were complete and irrevocable dispositions, and if the same occurred more than three years prior to decedent’s death. Such analysis of whether decedent’s gratuitous transfers to trusts constituted completed gifts, and the timing of same, is aided by both federal resources and New Jersey case law.[7] N.J.S.A. 54:34-1.1 reflects New Jersey’s substantial conformance with federal tax *44 law.[8] Specifically, whether the transferor “executed an irrevocable and complete disposition of all reserved income, rights, interests and powers in and over the property transferred” evokes particular standards used to determine whether a donor made a completed gift for the purposes of imposing federal gift tax. N.J.S.A. 54:34-1.1
Internal Revenue Code (“I.R.C.”) § 2511 defines the types of transfers that are subject to the federal gift tax. This section applies “whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible!.]” I.R.C. § 2511(a). Under the I.R.C., the gift tax is imposed upon the donor, and the excise will only be imposed upon making a completed gift. See Treas. Reg. § 25.2511-2(a). “As to any property, or part thereof or interest therein, of which the donor has so parted with dominion and control as to leave in him no power to change its disposition, whether for his own benefit or for the benefit of another, the gift is complete.” Treas. Reg. § 25.2511-2(b).
In Newberry v. Walsh, 20 N.J. 484, 486, 120 A.2d 242 (1956), our Supreme Court considered the imposition of inheritance tax on transfers to trust under the “intended to take effect in possession or enjoyment at or after such death” provision of N.J.S.A. 54:34-1(c). The factual circumstances were dissimilar, but the Court’s analysis addresses when the gift over to trust was completed as part of the process to determine whether the transfer was effectively intended to take effect at death.[9] A central focus of the *45 Court was the broad power decedent retained over the trust until her death. Originally, the trust terms gave decedent “ ‘the power at any time during her life by instrument in writing delivered by her to the Trustees to modify, alter, amend or revoke this instrument in whole or in part including the right to change the beneficiaries [t]herein[.]’ ” Id. at 487, 120 A.2d 242. However, the decedent self-restricted her power one year prior to her death, and reserved only the power to change beneficiaries among the recipients of her bounty. Id.
Herein, at death, both Jochman Trusts were expired, and decedent held no rights to income and only retained an option to rent the River Vale residence for fair market value. On the other hand, the decedent in Newberry possessed the power to alter the beneficiaries, among a limited class, up to her death. More striking is the comparison between the power to revoke, alter, or amend the trust instrument. In the instant matter, the decedent relinquished her rights to revoke or alter terms of the distributive scheme almost seven years before her death. In Newberry, “[i]t was within [decedent’s] power to alter not only the present life estates of the two children but also the distributive scheme of the principal. Not until the death of Myrtle H. Newberry was this power extinguished.” Id. at 490, 120 A.2d 242.
Lastly, the Court in Newberry emphasized the aspect of finality, or specifically the lack thereof before the date of death, to impose tax through N.J.S.A. 54:34-1(c). It mattered not that the decedent had restricted her power before death. “The purpose of the statute is to equate inter vivos transfers with testamentary transfers for tax purposes where the former are designed to enjoy the benefits of the latter[.]” Id. at 491, 120 A.2d 242. The Court stressed “that decedent had not fully exercised the privilege of succession. Not until at or after her death were the designated beneficiaries assured of their respective interests.” Ibid. “The privilege of succession — the ‘shifting of the economic benefits and *46 burdens of property — is the thing taxable under the statute.” Schroeder v. Zink, 4 N.J. 1, 9, 71 A.2d 321 (1950).
The Court in Newberry acknowledged the transfers in trust were vested, but altogether subject to total divestment at will by the decedent. “Not until her death was the control extinguished and the gifts made certain.” Id. Returning to the instant matter, facts and circumstances surrounding the funding of the trusts, the expiration, and the date of death are well established. Given those facts, the court finds decedent’s gifts to trust were complete upon execution on September 24, 2004.
Moreover, the court finds decedent executed an irrevocable and complete disposition over the property transferred more than three years prior to her death.
“The essence of a gift by trust is the abandonment of control over the property put in trust. The separable interests transferred are not gifts to the extent that power remains to revoke the trust or recapture the property represented by any of them[,] or to modify the terms of the arrangement so as to make other disposition of the property!.]”
[Smith v. Shaughnessy, 318 U.S. 176, 181, 63 S.Ct. 545, 87 L.Ed. 690 (1943) (citations omitted).]
Although she retained income and beneficial enjoyment of her residence for the trust period, decedent abandoned control over the property. Decedent retained no powers to revoke or modify the terms of the trust like those found in Newberry. The independent trustee was obligated to manage the trust property in accordance with the trust documents upon expiration of the six-year term, and decedent had no control so as to make another disposition of those trust properties.
It is apparent the decedent completely transferred, from the moment the trust instrument was executed, control over the future economic benefits of the property. Comparatively, if the decedent appointed herself as trustee and retained the power to change beneficiaries, there would be no complete disposition. See generally Newberry, supra. “[A] gift in trust is not subject to a gift tax until it becomes absolute, that is, until the power to change the beneficiaries therein has been surrendered by the settlor[.]” Blumberg v. Smith, 138 F.2d 956, 957 (7th Cir.1943). *47 In this matter, decedent surrendered her power to revoke and alter the terms in 2004, which is more than three years prior to her death in 2011.
Lastly, one point should be discussed before the court concludes analysis of N.J.S.A. 54:34-1.1. The Director’s argument is essentially that decedent was a beneficiary of the trusts which decedent established, and imposition of tax is appropriate since those benefits continued within three years of her death. The line of reasoning is fundamentally flawed. Whether or not the statute deems transfers as ‘intended to take effect at death’ requires inquiry into whether decedent executed a “complete disposition of all reserved income, rights, interests, and powers ...” Id. (emphasis added). Certainly, it is undisputed decedent was entitled to enforce her rights under the trust instruments should the independent trustee falter. However, decedent unequivocally reserved nothing further at the time of execution. Reservation of certain powers, ability to alter the income stream, or other rights are precisely the dispositive factors as to whether there was a completed gift. See Newberry, supra, 20 N.J. at 491, 120 A.2d 242.
For the aforementioned reasons, the court finds that decedent transferred the property to establish the Jochman Trusts. Upon execution, her disposition was complete, irrevocable, and without the additional reservations of income, rights, interests, or powers. As the trusts were established in 2004, and Ms. Jochman died in 2011, the transfers shall not be deemed intended to take effect at or after her death in accordance with N.J.S.A. 54:34-1.1. This treatment under N.J.S.A. 54:34-1.1 also precludes imposition of tax under N.J.S.A. 54:34-1(e) as a testamentary substitute intended to take effect at or after death.
Conclusion
The decedent made irrevocable gifts in trust, and the transfers were completed more than three years prior to her death. Tax will not be imposed under New Jersey’s inheritance tax statute N.J.S.A. 54:34-1(c), because the transfers were not ‘made in contemplation of death.’ Additionally, there is no basis for imposing tax as testamentary substitutes intended to take effect at or *48 after death under N.J.S.A. 54:34-1(c), and the same is prohibited by N.J.S.A. 54:34-1.1. Summary judgment is granted in favor of taxpayer. Defendant’s cross-motion for same is denied.

 Attorney for Plaintiff consulted two actuarial tables. First, a Center for Disease Control table indicates: in 2004, a female of any race, then aged 85, is expected to live another 7.2 years; a white female is expected to live another 7.1 years. The second table comes from the current New Jersey Rules of Court, and it indicates that the life expectancy for an individual of any sex or race is 6.9 years for those aged 84-85 and 6.5 for persons 85-86.

 For further analysis of the mechanics of N.J.S.A. 54:34-1.1 see the court’s discussion under the ‘Taxability as Transfers Intended to Take Effect at or After Death' Section, infra.

 The statutory presumption contained in N.J.S.A. 54:34-1(c) is unrelated to the policy of New Jersey courts to afford Director determinations a presumption of correctness.

 See p. 45 for extended discussion on completed gifts.

 See generally pp. 33-34 for a discussion of N.J.S.A. 54:34-1.1 and N.J.S.A. 54:34-1(c)

 It is worth reiterating that the second paragraph of N.J.S.A. 54:34-l(c) presumes some transfers within three years of death were made in contemplation of death. The presumption is the result of the 1951 amendment, discussed supra at p. 39. The amendment, however, only applies to the 'made in contemplation of death' basis for taxation.

 Extensive federal rules, regulations, and case law exist to value gifts. Federal resources may be useful in circumstances where the court undertakes an analysis to determine the completeness of a decedent’s gratuitous transfers, i.e. gifts, because New Jersey does not impose a gift tax. Consequently, state specific resources are lacking.
Additionally, N.J.S.A. 54:38-7 requires the decedent’s estate to file a copy of the federal estate tax return with the Division of Taxation. Federal estate and gift law provides a necessary resource, because it is an essential component to computation of New Jersey estate and inheritance tax.

 New Jersey estate and inheritance tax laws substantially overlap with federal authorities. Tax will be imposed upon:
[T]he estate of every resident decedent ... which would have been subject to an estate tax payable to the United States under the provisions of the federal Internal Revenue Code ... in effect on December 31, 2001, the amount of which tax shall be ... the maximum credit that would have been allowable under the provisions of that federal Internal Revenue Code in effect on that date.
[N.J.S.A. 54:38-1 (a)(2)(a)(i).]

 Although the matter was decided in January of 1956, the action stemmed from an assessment made in 1946. As such, the decision predates N.J.S.A. *45 54:34-1.1, but this is of no moment. The Court's discussion is highly relevant to this court’s inquiry as to whether a complete and irrevocable disposition, i.e. gift, of reserved rights and interests was executed.