**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

THE FISH GRILL, INC.,

     Plaintiff,

  v.

DIRECTOR, DIVISION OF TAXATION,

     &

HOWELL TOWNSHIP,

     Defendants.

TAX COURT OF NEW JERSEY

DOCKET NO. 000010-2020

**DECIDED: April 7, 2022**

Peter H. Klouser, for plaintiff The Fish Grill, Inc.
(Heilbrunn Pape, LLC, attorneys).

Anthony D. Tancini, for defendant Director, Division of Taxation,
(Attorney General of New Jersey).

Christopher J. Dasti, for defendant Howell Township
(Dasti Associates, attorneys)

GILMORE, J.T.C.

This opinion concerns the parties' cross motions for summary judgement. At issue is whether Plaintiff, The Fish Grill, Inc. ("Plaintiff") must pay the required fees under the Non-Residential Development Fee Act (the "Act"). N.J.S.A. 40:55D-8.4(a). Plaintiff asserts that it is exempt from the fees imposed under the Act, on the grounds that development that took place on the property it owns constitutes "reconstruction," and therefore is not subject to the fees under the Act. Defendants Howell Township (the "Township) and the Director, Division of Taxation (the "Director"), counter by arguing to the court that the development is not reconstruction but

rather is "new construction," subjecting Plaintiff to Act's fees. For the foregoing reasons, the court denies Plaintiff's motion and grants the Defendants' motions.

## Findings of Fact and Procedural History

The court makes the following findings pursuant to R. 1:7-4. Plaintiff is the owner of record of the real property known as Block 71, Lot 5 as shown on the Tax Map of the Township of Howell, Monmouth County, State of New Jersey (hereinafter the "subject property"). The subject property contains 39,226 square feet and is located along New Jersey State Highway Route 9 near the intersection of Ford Road. It is located within the HD-1 Zoning District and was improved with two dwellings prior to Plaintiff's non-residential development at issue before the court.

In 2013, Plaintiff filed an application for a conditionally exempt site plan approval to reconstruct a commercial building containing a hair salon into a restaurant. The Township conditionally approved the application on May 1, 2014. Prior to the start of construction, a flooding issue arose with the hair salon that rendered the building incapable of being renovated and required Plaintiff to obtain minor site plan approval from the Township. The Township granted minor site plan approval on May 21, 2015, and issued a Resolution on June 18, 2015. The Resolution made clear that due to the flooding issues, the structure on the property was "unable to be renovated." The Resolution gave Plaintiff notice that the granted approval was "for construction of a restaurant to be known as 'the Fish Grill' with associated parking and improvements." On April 1, 2016, Plaintiff received a construction permit for "major reconstruction of existing building into restaurant." On April 18, 2016, Plaintiff's architect notified the Township that portions of the existing foundation at the subject property were inadequate and needed to be replaced. Plaintiff subsequently submitted a construction application

2

to "replace existing foundation." Following completion of the improvements, Plaintiff applied for and received a Certificate of Occupancy on June 3, 2019.[1]

Around June 2019, the Township imposed the Statewide Non-Residential Development Fee ("NRDF") on Plaintiff's non-residential development pursuant to the Act, which Plaintiff contested with the Township. Through counsel, the Township advised Plaintiff that Plaintiff had received approval to construct a new building, and thus, Plaintiff's non-residential development was new construction subject to the NRDF as required by the Act.[2] Plaintiff protested the Township's position in a letter dated August 9, 2019, arguing that development at issue was not new construction but was reconstruction. Plaintiff stated that it was reconstruction because documents issued by the Township included the word "reconstruction."[3] The Township responded, reiterating that it was the Township's position that the development is new construction because Plaintiff received approval from the Township to construct a new building. After the Director's office requested additional information on the matter, the Township provided documentation regarding the Plaintiff's replacement of the foundation that had existed at the subject property prior.

The Director issued his determination on October 18, 2019, upholding the Township's imposition of the fee. The determination indicated that the facts showed the existing buildings were incapable of being renovated and that the building, including the existing foundation, was

---

[1] The Certificate stated that the description of the work/use of the property was "change of use-major reconstruction of existing building into restaurant (Fish Grill Restaurant) only foundation to remain."

[2] The Township reasoned that "In the instant matter the construction of the new restaurant clearly is new construction. The prior buildings were removed and only the foundation remained. The construction official notated the 'type of work' as a 'new building' and 'rehabilitation.' It was not a traditional change of use where one building is being converted to a new one."

[3] Specifically, Plaintiff argued: "All of the relevant documents filed by the applicant with the Township and/or issued by the Township with regard to this property confirmed that this was a reconstruction project. Those documents include the applications that were filed by the Fish Grill, Inc., together with the building permit and Certificate of Occupancy that were issued by the Township of Howell."

demolished a new building was constructed. The determination also stated that "According to the Office of Regulatory Affairs, Division of Codes and Standards, Department of Community Affairs, the project was improperly classified as reconstruction under the Rehabilitation Subcode, and the entire building should have been considered new construction and subject to current codes."

Plaintiff appealed the Director's determination to this court on January 3, 2020, naming only the Director as a Defendant. The Township moved to intervene on January 10, 2020, and this court granted the motion on August 5, 2020. Subsequently, Plaintiff moved for summary judgement, the Township and the Director filed cross motions for summary judgment. Plaintiff filed no response to the Defendants' motions.

**Conclusions of Law**

I.    Summary Judgment Standard

It is well established that a motion for summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). An issue of fact "is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Id. All evidence presented must be viewed in "the light most favorable to the non-moving party" but trial courts are encouraged "not to refrain from granting summary judgment when the proper circumstances present themselves." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 541 (1995). If the

evidence presented by the non-moving party does not create a genuine issue of material fact, and solely provides immaterial or insubstantial facts, it will be insufficient to defeat the motion. Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986). "A non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute." Brill, 142 N.J. at 529. Moreover, "when the evidence is so one-sided that one party must prevail as a matter of law the trial court should not hesitate to grant summary judgment." Id. at 540.

The Director argues in its motion that Plaintiff's motion for summary judgment is defective because it does not comply with the requirements of R. 4:46-2(a). R. 4:46-2(a) provides:

> The motion for summary judgment shall be served with a brief and a separate statement of material facts with or without supporting affidavits. The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted. The citation shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relief on. A motion for summary judgment *may be denied* without prejudice for failure to file the required statement of facts.
>
> [R. 4:46-2(a) (emphasis added).]

But see Hancock v. Borough of Oaklyn, 347 N.J. Super. 350, 362 (App. Div. 2002) (finding that failure to employ separately numbered paragraphs is not a material deviation from this rule when the facts are set forth with references to the record). Although the requirements of R. 4:46-2(a) are stated in mandatory terms, summary judgment may be granted even if these requirements are not met when there is a single critical and undisputed issue. See Kenney v. Meadowview Nursing Center, 308 N.J. Super. 565, 569-70 (App. Div. 1998); Housel v. Theodoridis, 314 N.J. Super. 597, 602 (App. Div. 1998).

In Kenney, the Plaintiff brought an action under the Family Leave Act and the Law Against Discrimination. 308 N.J. Super. at 566. When discovery was completed, the Defendant employer filed a motion for summary judgment, followed by Plaintiff's cross-motion for summary judgment. Id. at 568. The Appellate Division found that "neither party fully complied with R. 4:46-2.[4]" Id. at 569. However, the court addressed the merits of the case because it still found the case ripe for summary judgment, because "the material facts were not disputed," and "the critical issue was whether plaintiff had sufficient hours to qualify for Family Leave benefits." Id. But see Lyons v. Twp. of Wayne, 185 N.J. 426, 435-37 (2005) (finding the court was unable to conclude that there was no genuine issue as to any material fact because the movant failed to comply with the requirements of R. 4:46-2(a)).

Here, Plaintiff's summary judgment motion suffers serious defects and is not in compliance with R. 4:46-2. As the Director points out, Plaintiff's "Statement of Facts," which is primarily listed as "Background" in paragraph form, is not a separate document from Plaintiff's brief, nor are the facts set forth in separately numbered paragraphs with the required record citations as required by R. 4:46-2. Despite these issues, the court still finds it appropriate that the matter be resolved by summary judgment. As in Kenney, the material facts here are not in dispute, and the parties all explicitly agree that no genuine issues of material fact exist. See 308 N.J. Super. at 569. Rather, the issue in this case centers on the legal determination of whether the undisputed development on the subject property constituted "construction," which is subject to the fees imposed by the Act, or "reconstruction," which would exempt Plaintiff from paying such fees. As stated in the Director's brief, "there is no dispute regarding the actual work performed

---

[4] The court noted that it did not appear that either party submitted, certifications, affidavits, admissions, or answers to interrogatories in support of its respective motion for summary judgment. Instead, both parties relied on the facts set forth in the briefs.

by the Plaintiff, only how it should be legally classified—as taxable construction or exempt reconstruction." Because no dispute over a material fact exists and the court can rule as a matter of law, this issue therefore can be decided on summary judgment. See R. 4:46-2(c); Kenney, 308 N.J. Super. at 569.

## II.    Non-Residential Development Fee Act

### 1.    Presumption of Validity

The court's analysis begins with the principle that "determinations by the Director [of Division of Taxation] are afforded a presumption of correctness, because 'courts have recognized the Director's expertise in the highly specialized and technical area of taxation.'" Gray v. Director, Div. of Taxation, 28 N.J. Tax 28, 35 (Tax 2014) (quoting Aetna Burglar & Fire Alarm Co. v. Director, Div. of Taxation, 16 N.J. Tax 584, 589 (Tax 1997). Therefore, the burden is on the Plaintiff to overcome this presumption. Atlantic City Transp. Co. v. Director, Div. of Taxation, 12 N.J. 130, 146 (1953). A taxpayer must present evidence that is "definite, positive and certain in quality and quantity" to overcome the presumption of the Director's assessment. Aetna Life Ins. Co. v. City of Newark, 10 N.J. 99, 105 (1952). "The 'naked assertions' of the taxpayer, without supporting records or documentation, are insufficient to rebut the presumption that the Director's assessment is correct." Yilmaz, Inc. v. Director, Div. of Taxation, 22 N.J. Tax 204, 232 (Tax 2005), (citing TAS Lakewood, Inc., v. Director, Div. of Taxation, 19 N.J. Tax 131, 140 (2000).

The parties made the following arguments in their summary judgment motions. Plaintiff maintains that the Director erred in determining that the development on the subject property was "new construction." Plaintiff argued that the building was reconstructed and did not constitute new construction. Specifically, Plaintiff argued that "all of the relevant documents filed by the

7

applicant with the Township and/or issued by the Township with regard to this property confirmed that this was a reconstruction project."[5] Plaintiff further argued that because the footprint of the existing building remained and that the commercial use of the building was not expanded, "to allow the application of the Development Fee Act would essentially allow the Townships to double dip on a single piece of property for redevelopment fees."

Defendants urge the court to take the alternate position, finding that the development on the subject property constituted new construction. Defendants effectively argued that under the state's Uniform Construction Code, the development constituted new construction. Defendants point to the Code, along with the fact that the flooding of the building rendered the existing structure incapable of being renovated, requiring Plaintiff to demolish and replace it.

2. Court's Analysis

The Act imposes a fee 2.5% on all construction resulting in non-residential development. Specifically, the Act provides:

> [A] fee is imposed on all construction resulting in non-residential development as follows:
>
>> (1) A fee equal to two and one-half percent of the equalized assessed value of the land and improvements, for all new non-residential construction on an unimproved lot or lots; or
>>
>> (2) A fee equal to two and one-half percent of the increase in equalized value, of the additions to existing structures to be used for non-residential purposes.
>
> [N.J.S.A. 40:55D-8.4(a).]

The Act defines "construction" as "*new* construction and additions, but does not include alternations, *reconstruction*, renovations, and repairs *as those terms are defined under the State*

---

[5] Documents that Plaintiff relied on in this argument were the applications filed, together with the building permit and Certificate of Occupancy that were issued by the Township.

*Uniform Construction Code* promulgated pursuant to the 'State Uniform Construction Code

Act…'" N.J.S.A. 40:55D-8.3 (emphasis added).

The Rehabilitation Subcode of the Uniform Construction Code ("UCC") "shall control all

matters concerning the repair, renovation, alteration, reconstruction, change of use, and addition

to all buildings and structures and their service equipment as defined herein and shall apply to all

existing buildings and structures in the State of New Jersey." N.J.A.C. 5:23-6.2(b). The code

defines reconstruction as:

> Any project where the extent and nature of the work is such that the work area cannot be
> occupied while the work is in progress and where a new certificate of occupancy is required
> before the work area can be reoccupied. Reconstruction may include repair, renovation,
> alteration or any combination thereof. Reconstruction shall not include projects comprised only
> of floor finish replacement, painting or wallpapering or the replacement of equipment or
> furnishings
>
> [N.J.A.C. 5:23-6.3.]

Most significantly, the code provides, "if a structure is demolished except for a de minimis

amount, the construction official shall designate the replacement structure as a new structure and

apply the requirements of the Uniform Construction Code to new construction." N.J.A.C. 5:23-

6.2(b)(2)(i) (emphasis added).

Here, considering the provisions above and the facts on the record, the court finds that the

development on the subject property is properly classified as new construction. Plaintiff

originally applied for a "Conditionally Exempt Site Plan" to reconstruct the existing commercial

structure on the subject property as a restaurant. However, before this reconstruction could

commence, the subject property was substantially damaged by flooding, rendering it "unable to

be renovated." As a result, Plaintiff was required to make a formal application to the Township

for a minor site plan approval, which was granted. Plaintiff's own professionals then confirmed

9

that portions of the foundation needed to be replaced. The structure was demolished, new foundation footings were installed, and the new improvement was constructed.

The Act specifically provides that the relevant terms, including reconstruction, are to be defined by the Uniform Construction Code. See N.J.S.A 40:55D-8.3. The code explicitly provides, as stated above, that "if a structure is demolished except for a de minimis amount, the construction official shall designate the replacement structure as a new structure and apply the requirements of the Uniform Construction Code applicable to new construction." N.J.A.C. 5:23-6.2(b)(2)(i). This is precisely what happened in this case. Defendants aver that Plaintiff can only succeed by showing that demolition of the building was limited to a "de minimis amount," which Plaintiff cannot. The court agrees. The entire structure here was demolished, including portions of the foundation, because the structure could not be renovated after the flooding issues. This is not a de minimis amount, and applying the Rehabilitation Subcode, the requirements applicable to new construction apply here. See id.

The court rejects Plaintiff's argument that because some documents on the record provided the word "reconstruction," that this must be the classification. The provisions make clear that the Uniform Construction Code shall govern, and the code specifically provides that rules pertaining to new construction shall apply in factual scenarios such as this. Therefore, the Director's determination that the development on the subject property is "new construction" was correct, and Plaintiff has failed to provide any evidence that leads the court to believe that the presumption of correctness shall be overcome. See Aetna Life Ins. Co., 10 N.J. at 105.

The court therefore denies Plaintiff's motion for summary judgment and grants the Defendants' motions, and judgment is entered accordingly.

<u>/s/ Michael J. Gilmore, J.T.C</u>